Anthony P. Savarese, J.
Defendant moves for a preliminary hearing pursuant to CPL 170.75.
The defendant was arrested on January 19,1974 on 'a felony complaint charging a violation of section 120.05 of the Penal Law. The matter was subsequently dismissed by this court “ for failure to prosecute ”. Thereafter a Grand Jury sitting in Queens County directed the District Attorney to file a prosecutor’s information against the defendant charging two misdemeanors, sections 120.00 and 265.05 of the Penal Law. This motion followed.
The language of CPL 170.75 is clear and explicit to require a preliminary hearing if requested by a defendant who has been arraigned in New York City Criminal Court upon a prosecutor’s information which charges a misdemeanor other than one defined in article 225 of the Penal Law or in the Multiple Dwelling Law. The case at bar comes squarely within the language of this provision.
That such hearing may be duplicative of a function already performed by the Grand Jury; that it exceeds therefore the declared statutory purpose of a preliminary hearing; that it *189 could bring about the dismissal by this court (for lack of probable cause) of an information ordered by the Grand Jury (theoretically for more than probable cause); that it is a costly, time-consuming, unnecessarily gratuitous procedure and a parochial impediment to the efficient administration of criminal justice — that it is all of these nevertheless does not raise it to the level of mischief at which it produces an absurd result, a grave public harm, an injustice or a result in plain derogation of the statute. In consequence, no ambiguity may be implied under the accepted principles of statutory construction and this court is bound by the plain language thereof.
For a scholarly, exhaustive review of the law on this and related subjects, see the learned decisions of my distinguished colleagues, Judge M. Marvin Berger in People v. McClafferty (73 Misc 2d 666) and Judge Aaron F. Goldstein in People v. Robinson (77 Misc 2d 1081). Both decisions were rendered in the Criminal Court of the City of New York for the County of Queens. Judge Berger denied the hearing; Judge Goldstein granted the hearing.
This motion is granted.