Murray Koenig, J.
Motion pursuant to CPL 170.75 for a *696 preliminary hearing following a Grand Jury direction to file a prosecutor’s information is denied.
The defendant was arrested on March 14, 1974 for violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law, driving while intoxicated, and section 120.25 of the Penal Law, reckless endangerment. He was represented by counsel from the Legal Aid Society, arraigned and had his case adjourned to June 27 at which time a warrant was issued and vacated upon defendant’s late arrival. At that time, the court ordered the case to be presented to the Grand Jury which, on August 15, 1974, returned a direction to file a prosecutor’s information as a misdemeanor.
The finding by another Judge of this court, namely, that defendant had deemed to have waived his right to a preliminary hearing prior to Grand Jury presentment, is not properly before this court for decision. The question remaining is whether a defendant is entitled to a hearing after a Grand Jury has considered the case and ordered a prosecutor’s information to be filed charging the defendant with a misdemeanor.
The cases considering this problem reach conflicting conclusions.
A complete review of the principles involved are extensively set forth in People v McClafferty (73 Misc 2d 666) and People v Robinson (77 Misc 2d 1081), reaching opposite results.
In a recent decision, People v Li Puma (80 Misc 2d 188), the Queens Criminal Court held that a preliminary hearing was mandated by the statute. However, in Brunetti v Roberts (NYLJ, March 6, 1974, p 2, col 4), the Supreme Court, First Department, concluded: "The primary purpose of a preliminary hearing is to safeguard a person charged with a crime against being improperly committed on the basis solely of a complaint or affidavit, requiring a hearing before a judge of the Criminal Court to determine whether probable cause for holding him until the matter has been presented and passed upon by a Grand Jury. If prior to such hearing, a Grand Jury indicts or directs the prosecutor to file an information, that purpose has been accomplished, since the Grand Jury may only take such action upon legal evidence sufficient in its judgment to warrant a conviction by a trial jury.”
In an appellate decision expressly rejecting the holding in People v Robinson granting a preliminary hearing after failure of the Grand Jury to indict, the Appellate Term of the *697 Second and Eleventh Judicial Districts held in People v Davino (NYLJ, March 25, 1975, p 17, col 6): "it is apparent that the standard of proof is higher when the grand jury directs that a prosecutor’s information be filed than it is at a preliminary hearing (see CPL 70.10). It would serve no purpose to have a preliminary hearing after the grand jury has directed that a prosecutor’s information be filed.”
With the recall of an initial determination by the Supreme Court, First Department, upon an article 78 proceeding, ordering a preliminary hearing to be held following a denial by the Criminal Court (see Matter of Mosley [Gorfinkel], NYLJ, May 30, 1975, p 20, col 3), the Queens Criminal Court case, People v Li Puma (supra), remains the only decision granting a preliminary hearing following a direction by the Grand Jury, that has not either been recalled or criticized.
Since it appears that case law, to date, is hardly definitive on the point in question, let us re-examine the statute relied upon by the defendant.
CPL 170.75 (subd 1) provides for misdemeanor hearings in New York City: "A defendant who has been arraigned in the New York City criminal court upon an information, simplified traffic information or prosecutor’s information, which charges a misdemeanor other than one defined in article two hundred twenty-five of the penal law or in the multiple dwelling law, may, before entry of a plea of guilty or commencement of trial, request a hearing to determine whether there is reasonable cause to believe that he committed such misdemeanor.”
It is apparent that the statute does not cover the problems and consequences presented when a Grand Jury, after a consideration of the facts, finds reasonable cause, and directs a prosecutor’s information to be filed.
Since the Grand Jury is an arm of the Supreme Court, its activities are monitored by that body.
The remedy for the defendant was stated clearly by the Appellate Term in People v Davino (supra): "The proper remedy for a defendant in this situation is a motion to dismiss the information in the court which impaneled the grand jury, pursuant to CPL 170.50” (see Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 170.50, p 57).
If this court were to consider a motion to dismiss for lack of reasonable cause at the conclusion of a preliminary hearing in this situation, it would be placed in the position of an appel *698 late court, if it disagreed with the determination of the Grand Jury, a Supreme Court institution.
This result, obviously, could not have been the intention of the Legislature.
Consequently, if this court were to adopt the defendant’s interpretation of the statute, it would lead to absurd consequences, the least of which would place misdemeanor offenders in a more advantageous position than felony offenders.
This court concludes that the purpose of the preliminary hearing is to protect persons charged with a crime from being improperly held and this purpose is achieved when a Grand Jury directs an information be filed.