THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWARD J. POSPICHAL, Defendant.

County Court, Erie County, September 18, 1942.

*John S. McGovern* for defendant.

*Leo J. Hagerty, District Attorney* (*Maurice Frey* of counsel), for plaintiff.

WARD, J.    This is an application by Edward J. Pospichal for a certificate pursuant to section 57 of the Code of Criminal Procedure, which section is as follows:  " Upon filing with the magistrate, before whom is pending a charge for any of the crimes specified in section fifty-six, a certificate of the county judge of the county, or of any justice of the supreme court, that it is reasonable that such charge be prosecuted by indictment, and fixing the sum in which the defendant shall give bail to appear before the grand jury; and upon the defendant giving bail, as specified in the certificate, all proceedings before the magistrate shall be stayed; and he shall, within five

days thereafter, make a return to the district attorney of the county of all proceedings had before him upon the charge, together with such certificate and the undertaking given by the defendant thereon; and the district attorney shall present such charge to the grand jury; provided, however, that no such certificate shall be given except upon at least three days' notice to the complainant or to the district attorney of the county of the time and place for the application therefor."

This application is unusual in that it prays for said certificate in each of two alleged misdemeanors which may appear to be separate and distinct but are closely related as will appear.

On the night of the 14th day of August, 1942, in compliance with an order of the City of Buffalo and County of Erie Defense Councils, a practice " Black-Out " was being held in the county of Erie. The petitioner was accosted by a duly appointed air-raid warden and instructed to extinguish a burning cigarette. It is claimed that he refused to do so. Thereupon, on the 15th day of August the said air-raid warden, one John Kaymark, laid an information before the Honorable THEODORE P. FRONCZAK, a Justice of the Peace in and for the Town of Cheektowaga, which charged, omitting the formal parts, that the petitioner did " violate Article 10, Section 102 of Chapter 544 of the Laws of 1942, New York State War Emergency Act by refusing to extinguish his cigarette during a black-out, after he was requested to do so by the Air Raid Warden and telling the Warden he can do as he pleases and smoke as many cigarettes as he wishes and that no one can stop him from doing so."

It is to be noted at this time that this information erroneously numbers the section as 102, whereas it properly should be numbered as 101. Section 101 defines the violations and penalties whereas section 102 fixes the punishment for infraction. This court cannot upon this application pass upon the question of jurisdiction in the Court of Special Sessions. Hereafter in this opinion, the section shall be called by its proper number, to wit, 101. The petitioner was thereupon arrested, a warrant having issued, and was taken to the Police Headquarters in the town of Cheektowaga. While there and before arraignment, it is claimed that he created a disturbance and acted in violation of section 722 of the Penal Law. Chief of Police Walter J. Marynowski immediately laid an information as follows before Judge FRONCZAK, to wit, that the petitioner did " commit the crime of violating Section 722 of the Penal Law * * * by provoking a breach of the peace by using offensive

language and threatening, abusive and insulting language, to wit: stating that the police framed him during the black-out and that the Chief of the Cheektowaga Police and the police force take graft money from gambling places and protect said gambling places. He further called Patrolman Frank Enser and others ' Jerks '. By the above acts he caused a crowd to collect. He further threatened to shoot the complainant with a machine gun when he was released.'' A second warrant was issued, petitioner again was arrested and arraigned before the Honorable EDMUND J. STACHOWSKI, on both charges. He pleaded '' not guilty '' to both charges and the trial of both charges was thereupon adjourned until August 21, 1942. Upon the return day the petitioner appeared, with present counsel, before Justice of the Peace STACHOWSKI. The defendant was thereupon informed that he was to appear before Police Justice FRANCIS G. PIATEK of the Village of Sloan to stand trial on the first offense, namely, the alleged violation of section 101 of chapter 544 of the Laws of 1942 (lighted cigarette), and upon completion thereof to return to the Court House in and for the Town of Cheektowaga and stand trial before him (Judge STACHOWSKI) on the second offense, namely, the alleged violation of section 722 of the Penal Law.

Upon appearing before Judge PIATEK, counsel for the defendant moved that the Judge disqualify himself as a result of a previous lawsuit between the Judge and the defendant. The Judge consented. By the ordinances of the Village of Sloan, EDMUND J. STACHOWSKI is Acting Police Justice in the absence, disqualification or disability of Judge PIATEK. Thus, Justice of the Peace STACHOWSKI became Acting Police Justice STACHOWSKI to try and determine both cases, one in his capacity of Justice of the Peace and the other as Acting Police Justice.

The defendant, with counsel, returned to Justice of the Peace-Acting Police Justice STACHOWSKI for the purpose of answering to both charges. At that time the qualification of Justice of the Peace-Acting Police Justice STACHOWSKI was raised. An adjournment was granted for the purpose of making this application to this court, which application has been duly made in accordance with the provisions of section 57 of the Code of Criminal Procedure.

This petition and affidavits in support thereof set forth a number of alleged acts of and purported statements by Justice of the Peace-Acting Police Justice STACHOWSKI in relation to this defendant whereby this defendant claims Justice of the Peace-Acting Police Justice STACHOWSKI is disqualified. These

allegations are sharply denied by affidavits submitted by Justice
of the Peace-Acting Police Justice STACHOWSKI, except that he
states that he did say that he felt he ought not to sit on the
trial of the alleged violations of section 101 of chapter 544 of
the Laws of 1942 (lighted cigarette), as it appears that in addi-
tion to holding the offices of Justice of the Peace and Acting
Police Justice, Judge STACHOWSKI is also Sector Warden of the
Village of Sloan and as such is the superior officer of John
Kaymark, Air-Raid Warden, the complainant in the last men-
tioned charge. Justice of the Peace-Acting Police Justice-Sector
Warden STACHOWSKI's sense of judicial impartiality in this
respect is commendable and he should not preside at this trial
as Acting Police Justice.

Section 57 of the Code of Criminal Procedure as set forth in
full above limits the application for the certificate sought
herein to "any of the crimes specified in section fifty-six."
A violation of section 101 of chapter 544 of the Laws of 1942
[New York State War Emergency Act] is not one of the crimes
specified in section 56 of the Code of Criminal Procedure. How-
ever, section 182 of the Village Law is in part as follows: "The
police justice of a village may hold a court of special sessions
therein and shall have in the first instance exclusive juris-
diction to hear, try and determine charges of any misdemeanor
committed within such village subject to the right of removal,
as provided by the code of criminal procedure, to a court hav-
ing authority to inquire by the intervention of a grand jury
into offenses committed within the county." Section 101 defines
an infraction as a misdemeanor. Thus, one accused of such
an infraction before a Police Justice may apply to the County
Court or to any Justice of the Supreme Court for a certificate
as provided in section 57 of the Code of Criminal Procedure.
This application is properly before this court.

It has been held in *People* v. *Sabourin* (166 Misc. 23) that a
certificate that criminal charge should be prosecuted by indict-
ment should not be granted unless it affirmatively appears that
the case presents complicated questions of fact rendering a jury
trial proper or difficult questions of law, or that a property right
is involved, or that a decision may be far-reaching in effect and
become a precedent, or that defendant for some special reason
could not have a fair trial in Court of Special Sessions. It will
be noted that if that decision may be far-reaching in effect and
become a precedent, a certificate should be granted.

Today liberty of person and safety of property are being
defended not only by blood but by laws and the judicial inter-

pretation of those laws as never before in the history of civilization. Section 101 of chapter 544 of the Laws of 1942 sharply curtails personal liberty for the protection of person and property. An erroneous decision might be far-reaching in effect and become a precedent. It is the opinion of this court that because of this possibility the application should be granted and hereby is granted, as to the alleged infraction of section 101 of chapter 544 of the Laws of 1942.

As pointed out earlier in this opinion, the two alleged crimes, while distinctly different, take their inception from the same infraction. It is therefore the opinion of this court that it is reasonable that the alleged violation of section 722 of the Penal Law be prosecuted by indictment and the application, therefore, is hereby granted.

Prepare and submit certificate accordingly.