Julius Helfand, J.
This is an application, pursuant to subdivision (b) of section 32 of the New York -City Criminal Court Act, for an order certifying that “it is reasonable ” that the charges pending against the defendants in the Criminal Court of the City of New York “ be prosecuted by indictment.”
Defendants were arrested during the picketing and demonstrations last Summer and Fall at the Downstate Medical Center in Brooklyn.
Two principal affidavits have been submitted in support of the motion. One is by the labor secretary of the NAAC'P, Herbert Hill, who sets forth in detail certain claimed discriminatory practices against Negroes by building trades unions. The other is by able counsel for defendants, Bay H. Williams, who also states in part that defendants herein, by their demonstrations at the Downstate Medical Center, sought to protest ‘ ‘ against unlawful discrimination in employment practices with respect to persons of negro ancestry and other minority groups ” by trade unions and building contractors; that these practices are violative of sections of the Penal Law, the Civil Bights Law and the Executive Law; and that a Brand Jury investigation should be conducted of these claimed violations.
*389 Of course, this is not the proper forum to urge these matters; nor is the loftiness of defendants’ motives or the justice of their cause before the court on this motion, however much the court may sympathize with and respect the rights of aggrieved minorities to seek and obtain full civil rights and equal employment opportunities. On this subject, it might parenthetically be noted, the court fully subscribes to the views so eloquently expressed by Mr. Justice Hofstadter in Bachrach v. 1001 Tenants Corp. (41 Misc 2d 512, 516): “To the degree that equality is impaired, to that extent is freedom weakened. Democracy and freedom from discrimination are bound together. The dismal story of man’s inhumanity to man will only be brought to a final close when race, creed, color and ancestry are no longer bars to economic opportunity and education, public accommodation and housing! ‘ Distinctions between citizens solely because of their ancestry are by their very nature odious to a free people whose institutions are founded upon the doctrine of equality. ’ (Rirabayashi v. United States, 320 U. S. 81, 100.) When these bars have really been demolished, then our citizens will live in common dignity, security — and at peace. This is the ethical aspiration proclaimed by our JudaeoChristian dispensation and politically enshrined in our Constitutions, Federal and State.”
The sole narrow issue before the court is whether the facts and circumstances here appearing warrant the granting of the relief requested.
Section 32 of the New York City Criminal Court Act, titled ‘ ‘ Removal of misdemeanor cases ’ ’, provides in part that the Criminal Court “ shall be divested of jurisdiction to proceed with the hearing, trial and determination of any charge of misdemeanor * * * (b) if before the commencement of such trial * * * a justice of a court having jurisdiction to try indictments within the judicial department where the trial would be had shall certify that it is reasonable that such charge of onisdemeanor shall be prosecuted by indictment. ’ ’ (Emphasis supplied.) From the foregoing language it is quite plain that the authority to divest the Criminal Court of jurisdiction and to transfer a case to the Supreme Court exists only in cases of misdemeanor.
Section 57 of the Code of Criminal Procedure is similar in import to subdivision (b) of section 32 of the New York City Criminal Court Act (except that that section deals with the removal of “ crimes ” pending against defendants in Courts of Special Sessions outside the City of New York); and the deci *390 sions are uniform that, since the charge of disorderly conduct is an offense and not a crime, there is no authority to remove .such a case from the lower court (People v. Rasmussen, 29 Misc 2d 70, opp. dsmd. sub nom. People v. Downing, 14 A D 2d 822; Matter of Erway v. MacAffer, 282 App. Div. 287; People v. Braxton, 39 Misc 2d 714). Of the 237 defendants here involved, 148 are charged only with disorderly conduct; and as to these therefore the application must be denied as a matter of law.
The balance of 89 defendants are charged with joint violations of section 722 (disorderly conduct) and section 1851 (resisting a public officer in the discharge of his duties) of the Penal Law, misdemeanor.
People v. Rosenberg (59 Misc. 342) is the leading case dealing with the right of a defendant to apply for an order certifying that it is reasonable that a misdemeanor charge lodged against him be prosecuted by indictment. There the court said (pp. 343-344): “ Such applications are largely addressed to the discretion of the court, and each case must be decided largely in the light of the special facts of the case. Without, therefore, attempting to lay down any general rule, it may be said that to warrant the granting of such an application it .should appear either, first, that a case presents intricate and complicated questions of fact, rendering a jury trial proper, or, second, that it presents difficult questions of law; or, third, that a property right is involved; or, fourth, that a decision may be far-reaching in its effect and become a precedent which will regulate a matter of general interest; or, lastly, that the case is of exceptional character and that the defendant, for some special reason, cannot have a fair trial in the Court of Special Sessions ”. (To the same effect, see, People v. Hughes, 161 Misc. 405, affd. 251 App. Div. 807; People v. McGuinness, 168 Misc. 849 ; People v. Petrulla, 172 Misc. 853.)
The affidavits submitted in support of the motion do not spell out any of the grounds set forth in People v. Rosenberg (supra), except that, as to a few of the defendants, a sufficient showing is made that, in the event of a conviction, valuable property rights of theirs would be adversely affected.
The charges against defendants present no intricate or complicated questions of fact or law. They are commonplace infractions which are tried with regularity in the Criminal Court. Moreover, the Judges of that court are experienced, capable and competent lawyers, all well qualified to determine questions of law and fact.
*391 The ground that the decisions in the cases against defendants might be far-reaching in their effect is here quite obviously not available. The issues in the cases are quite simple, presenting no novel legal or factual questions.
There is no charge in any of the affidavits that defendants cannot get a fair trial in the Criminal Court. In a memorandum of law submitted by Mr. Williams, he says that three Judges (not named) of the Criminal Court have, by their statements, indicated prejudice to defendants and their cause. If this be so, undoubtedly these Judges will disqualify themselves from sitting and passing judgment in any of these cases.
As hereinbefore stated, several defendants (17 in number) have by affidavit established that, if convicted, they would suffer the loss of valuable property rights. Most are civil servants and members of pension and retirement systems; others hold valuable licenses in professions. A few are students preparing for professional licenses. As regards these defendants, it is the court’s considered opinion that, under the unusual, exceptional circumstances here presented, “ it is reasonable” that their application be granted (People v. McGuinness, 168 Misc. 849, supra; People v. Killorin, 123 N. Y. S. 2d 612; People v. Schumann, 146 Misc. 395), bearing in mind that they are not in any sense criminals, but, rather, well-intentioned persons who, it is charged by the People, in their zeal to right a wrong, exceeded the bounds of lawful picketing, of peaceful assembly and petition.
This court, as previously pointed out, has authority to remove only the misdemeanor charges pending against defendants, not the disorderly conduct charges, although a removal of both would here appear to be dictated by the unusual situation presented, for the two charges of disorderly conduct and resisting arrest are so inextricably interdependent that it seems anomalous to remove the one and not the other (of. People v. Pospichal, 180 Misc. 168). According to the rule laid down in People v. Dreares (15 A D 2d 204, affd. 11 N Y 2d 906), if a defendant is charged both with disorderly conduct and resisting arrest, the latter charge must fall if he is acquitted or discharged on the former because, in such an event, defendant’s original underlying arrest for disorderly conduct is deemed to have been unlawful, entitling him to use reasonable force to resist it. The court is certain, however, that the District Attorney will consider the foregoing circumstances and act appropriately to avoid any harsh or unjust effects resulting from this anomaly.
*392 Accordingly, the motion is granted to the extent of certifying that it is reasonable that the charges of misdemeanor pending against the following 17 defendants be prosecuted by indictment:
Martin Boksenbaum Docket #3187
William Bowens 5430
Donald Taitt 3163
Wruthe T. Saunders 2615
Robert Gabriner 2628
Maurice Fredericks 3052
Sheila Geist 5074
Betty Gill 5324
Marjorie Hammock 2542
Gittele Kaplan 2406
Rioghan Kirehner 2407
Harold Lewis 5103
Gwendolyn Mclver 5198
Fay Portee A6379 and A6132
Nicholas Salvatore 5288
Ronald Schiffrin 2530
Vincent Young 2718
As to all the other defendants the motion is denied. The stay heretofore granted is vacated. The 17 defendants’ bail or parole (as the case may be) is continued pending the presentation of the cases to the Grand Jury.