OPINION OF THE COURT
Harold Enten, J.
The District Attorney of Bronx County has recently instituted a selective policy in the all-purpose parts of Criminal Court: the District Attorney moves to reduce some felony charges to misdemeanors and asks for a trial date on the reduced charges. A number of defense attorneys who have appeared before me have consented to the Assistant District Attorney’s application to reduce felony charges to misdemeanors on behalf of their clients and trial dates have been fixed.
The attorneys representing the defendants in the instant cases have objected to the People’s motion to reduce and to set the matter down for trial on the ground that their clients are being deprived of a preliminary hearing pursuant to CPL 180.10. Decision was reserved.
Defendants John Ortiz and Carlos Rodriguez are charged with violating section 140.20 of the Penal Law, burglary in the third degree, and section 165.40 of the Penal Law, criminal possession of stolen property in the third degree. Defendant Ortiz is also charged with violating section 221.05 of the Penal Law, unlawful possession of marihuana.
These charges arise out of an incident occurring at approximately 6:30 p.m. to 10:30 p.m. on April 11, 1979, at the corner of 182nd Street and Crestón Avenue-2242 Tiebout Avenue, Bronx, New York, on premises leased to Tyrone Hicks. Acting in concert, defendants allegedly knowingly and unlawfully entered and remained in the above premises with the intent to commit a crime therein, in that defendants acted in concert to gain entry by going through the fire escape window. Defendants are also charged with acting in concert to knowingly *1071 and unlawfully possess property belonging to Mr. Hicks, to wit: a portable radio and two half-dollar pieces. Defendant Ortiz is charged with unlawfully possessing one marihuana cigarette. Mr. Hicks has signed a supporting deposition in which he avers that he at no time gave the defendants permission or authority to enter or remain in the premises.
ISSUES
Three issues are raised by the motion of the District Attorney. First, does the District Attorney have the right to move to reduce and set the case down for jury trial in the Criminal Court? Second, must the court go along with the motion of the District Attorney or is there discretion with the presiding Judge? Third, if the court grants the District Attorney’s motion to reduce, must it grant the defendant a preliminary hearing?
The People cite the repeal of CPL 170.75 by the Legislature (L 1978, ch 481). Effective September 1, 1978, a defendant charged with committing a misdemeanor is no longer entitled to a preliminary hearing. The People argue that since the right to a preliminary hearing in a misdemeanor case has been abolished, a defendant charged with a crime which has been reduced from a felony to a misdemeanor is not entitled to a preliminary hearing.
Defense counsel argue (a) that having been charged with a felony and having been arraigned as prospective felons, the defendants should be granted a preliminary hearing; (b) the possibility exists that a Judge may find no reasonable grounds to hold them for trial in Criminal Court on misdemeanor charges; (c) the District Attorney may not have the witnesses necessary to make out his case and is merely moving to reduce as a ploy to gain more time; (d) once a defendant is arraigned on a felony charge, he should be granted a preliminary hearing on the question of "reasonable grounds to hold him for trial”. Another concern of the defense is that on "180.80 day”, the District Attorney could move to reduce a felony charge to a misdemeanor as a means of avoiding mandatory parole of the defendant. (Such a tactic would not be tolerated by this court.)
I PURPOSE OF PRELIMINARY HEARING
The primary purpose of a felony hearing is to determine *1072 whether the defendant is to be held for the action of the Grand Jury. (CPL 180.10, subds 1, 2; People v Grant, 82 Misc 2d 695; People v McClafferty, 73 Misc 2d 666; People v Cummings, 70 Misc 2d 1016.) The sole purposes of a preliminary hearing are to determine whether there is sufficient evidence against the accused to warrant presenting his case to the Grand Jury and, if so, to fix bail if the offense is bailable. (Coleman v Alabama, 399 US 1.) The above functions of the hearing serve to safeguard a person charged with a felony against being improperly committed solely on the basis of a charging affidavit or complaint (People v Jackson, 48 Misc 2d 1026). Prevention of improper commitment has been held to be the primary purpose of preliminary hearings by Federal courts also (see United States v Cowan, 396 F2d 83; United States v Motte, 251 F Supp 601).
While the Supreme Court has held that the preliminary hearing is such a critical stage in the prosecution that counsel must be provided for an indigent defendant if a hearing takes place, the court stopped short of saying that a preliminary hearing is essential. (Coleman v Alabama, supra; People v McClafferty, supra.)
Although the Supreme Court in Coleman stated that representation at the preliminary hearing would provide a useful impeachment tool for use in cross-examination of the State’s witnesses at trial, preservation of testimony favorable to the accused of witnesses who might, not appear at trial, and discovery, it has been held that the preliminary hearing is limited in scope. "The hearing is not intended as a pretrial discovery device, nor is it a substitute for the trial itself.” (People ex rel. Pierce v Thomas, 70 Misc 2d 629, 630.)
A defendant has other resources and avenues available to aid him in the preparation of his case. Discovery is available to the defendant under the CPL. In a situation where the defendant does not feel that the People are providing him with all of the information to which he is entitled he may move for a bill of particulars under the CPL. A defendant is not being denied his right of confrontation of adverse witnesses under the Sixth Amendment if no preliminary hearing takes place because he will have his opportunity to confront such witnesses at trial. (Barber v Page, 390 US 719.)
II HISTORY OF PRELIMINARY HEARINGS IN MISDEMEANOR CASES
The right of a defendant charged with a misdemeanor to a *1073 preliminary hearing has a history of controversy. The right to a preliminary hearing upon certain misdemeanor charges was added to the CPL effective September 1, 1971. In the Practice Commentary, Richard Denzer states that the provision was highly controversial and applicable only in New York City proper. Emanating from a historical setting which no longer exists, i.e., a dual lower criminal court system, the right to a hearing in misdemeanor cases is in one sense an anachronism, and, in another, a device used by defendants as a discovery proceeding. (See Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 170.75, p 57; L 1978, ch 481, § 10.) Effective September 1, 1978, the right to a preliminary hearing in misdemeanor cases was abolished. In the commentary accompanying the repeal of CPL 170.75, the abolished preliminary hearings in misdemeanor cases were referred to as merely being discovery devices resulting in wastes in judicial resources, costs, and delays. (See Bellacosa, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, Supplemental Pocket Part, 1978-1979, CPL 170.75, p 35.) Thus it appears that preliminary hearings were being utilized more as discovery mechanisms by defense counsel rather than as opportunities to determine the existence of reasonable grounds to hold a defendant for trial.
The preliminary examination was unknown at common law, and in the absence of a statute providing otherwise, a preliminary examination is not a prerequisite or an indispensable step in the prosecution of a person accused of a crime (22 CJS, Criminal Law, § 332). Even before the repeal of CPL 170.75, it was noted that the preliminary hearing was of lesser importance in misdemeanor cases than in felony cases. The purpose of a prelminary hearing in felony cases is to protect the person from being committed upon mere affidavit and to determine whether reasonable grounds exist to hold a person for the Grand Jury. In misdemeanor cases the preliminary hearing served merely for the purpose of determining whether there is reasonable cause that the person charged committed the misdemeanor. (People v McDonnell, 83 Misc 2d 907.)
Ill THE CRIMINAL PROCEDURE LAW
CPL article 180 deals with the proceedings upon a felony complaint. CPL 180.10 (subd 2) provides that a defendant has a right to a preliminary hearing upon a felony complaint. The *1074 purpose of such hearing is to determine whether there is sufficient evidence to warrant holding a defendant for the action of the Grand Jury. The section also states that a defendant may waive his right to a hearing.
CPL 180.50 authorizes the Criminal Court, upon the consent of the District Attorney, to inquire whether a felony charge should be reduced. If after making such inquiry the court is satisfied that there is reasonable cause to believe that the defendant committed an offense other than a felony but did not commit a felony, the court may order a reduction as of right. (CPL 180.50, subd 2, par [a].) If there is reasonable cause to believe that a defendant committed a felony, the court may still order a reduction of the felony charges following its inquiry, if it is in the interests of justice to do so and the District Attorney consents. (CPL 180.50, subd 2, par [b].)
Where a charge is reduced from a felony to a nonfelony offense pursuant to CPL 180.50, the felony complaint is replaced or converted to another local criminal court accusatory instrument. Pursuant to CPL 180.50 (subd 3), the court may direct the District Attorney to file a prosecutor’s information, request that the complainant file an information, convert the felony complaint into an information by motion or replace the felony complaint with a misdemeanor complaint. In each instance, the case proceeds as if an information or misdemeanor complaint had been filed originally. The felony charges are dismissed and the defendant is arraigned as a misdemeanant. If the court does not find that the charges merit reduction after it has conducted its inquiry, the court must conduct a felony hearing unless the defendant waives the hearing (CPL 180.50, subd 4), i.e., the matter proceeds as if the inquiry had never been made. (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.50, p 69.)
CPL 180.70 (subds 2, 3), which provide for reduction after a felony hearing, adopt the standard and procedures for reduction set forth in CPL 180.50 (subd 3). The People argue that if the Legislature intended that a preliminary hearing be held whenever a defendant was arraigned on a felony charge, it would not have provided for reduction at the inquiry stage, which occurs prehearing (CPL 180.50) or at the posthearing stage (CPL 180.70). The People claim that the two-step procedure of inquiry and hearing would be reduced to one, that a hearing would be required in any event if the Legislature *1075 intended that a hearing be held whenever a defendant is arraigned on a felony charge. This court finds the legislative intent as manifested in the above-cited reductions provisions persuasive. It appears that a preliminary hearing is not appropriate when felony charges have been reduced to misdemeanor charges after an inquiry has been made. This conclusion is buttressed by the fact that CPL 170.75 which granted a preliminary hearing upon misdemeanor charges in New York City was repealed effective September 1, 1978. The conclusion is that once there has been a reduction pursuant to CPL 180.50, the case is to be treated as a misdemeanor: there is no longer a right to a preliminary hearing.
Defense counsel concedes that a defendant’s right to a preliminary hearing upon a felony complaint can be abrogated by the court with the consent of the District Attorney pursuant to CPL 180.50. While defense counsel is correct in his contention that the District Attorney does not alone possess the power to reduce, CPL 180.50 provides for the replacement or conversion of the felony complaint where there has been a reduction of the charges pursuant to a judicial inquiry to which the District Attorney has consented, and a finding by the court that reduction is appropriate.
IV PROSECUTORIAL DISCRETION
The prosecutor has wide powers and latitude as to whom, whether, and how to prosecute. (People v Harding, 44 AD2d 800; People v Di Falco, 44 NY2d 482.) Policy and practical considerations demonstrate the need for prosecutorial discretion. Section 927 of the County Law imposes a duty to prosecute crimes on the District Attorney. The District Attorney’s ability to prosecute is influenced by caseload, staffing, and budgetary considerations. For purposes of disposition, the District Attorney has a right to reduce, add, or amend complaints, so that cases of lesser importance can be disposed of. With hard decisions to make to best protect a public concerned with serious crime, the prosecutor must be given the widest latitude to reduce, add or amend charges (People v Bowman, 88 Misc 2d 50).
The Court of Appeals has sustained the right of the prosecutor to elect which of two applicable statutes may be the basis for prosecution where there is identity of elements in the misdemeanor and felony sections. (People v Eboli, 34 NY2d 281.) In such a situation the defendant has no right to elect *1076 which statute he will be prosecuted under. The court sustained this exercise of prosecutorial discretion as constitutional. The existence of a specific statute prohibiting the conduct involved does not prevent prosecution under a more general statute. By analogy, prosecutorial discretion permits the prosecution of defendants under a misdemeanor section of the CPL rather than under a felony section. Defendants do not have the right to elect whether they will be prosecuted for a felony or misdemeanor.
The separation of powers must also be considered. The District Attorney is a constitutional officer with quasi-judicial authority who has wide latitude in the discretionary exercise of his duty to prosecute crimes. (People v Tassiello, 300 NY 425.) In Matter of Hassan v Magistrates’ Ct. of City of N. Y. (20 Misc 2d 509, app dsmd 10 AD2d 908, mot for lv to app dsmd 8 NY2d 750, cert den 364 US 844), it was held that a court does not have the power to substitute its judgment for that of the District Attorney. The courts have recognized that as an incident of the constitutional separation of powers, they are not to interfere with the free exercise of the discretionary powers of the prosecutors in their control over criminal matters. (Kerstanski v Shapiro, 84 Misc 2d 1049.)
In addition to case law indicating judicial reluctance to interfere with the exercise of prosecutorial discretion, there are dangerous implications of a court having a hand in determining the charges to be brought against an accused. (People v Monmirail, NYLJ, Nov. 28, 1978, p 7, col 2.) A court cannot substitute its judgment for that of the District Attorney. (Matter of Hassan v Magistrates’ Ct. of City of N. Y., supra). There is no legislative or constitutional authority for such judicial intervention. (People v Monmirail, supra.)
Judicial interference with prosecutorial discretion would undermine the concept of a neutral and detached Magistrate. Yet a Judge can maintain his neutral and detached role and at the same time ensure that prosecutorial discretion is not abused. For example, judicial intervention would be merited if the District Attorney moved to reduce a case that the Judge believed merited Grand Jury presentation, or if a case appeared likely to be dismissed by the court after a preliminary hearing based on the recital of facts in the affidavit. In such situations a Judge could properly deny the motion.
V CALENDAR CONTROL
It is important to keep in mind that prosecutorial discretion *1077 is not unfettered. The court retains its calendar control: the right to dismiss for failure of the District Attorney to prosecute cases where a complainant does not wish to continue prosecution either by affirmative statement or lack of appearance.
The inherent power of the court to control its calendar by dismissing cases for failure to prosecute has been recognized. (See People v Cangiano, 40 AD2d 528; People v Potts, 44 AD2d 574.) A dismissal for failure to prosecute a criminal case has no statutory premise and is based upon the actual or implied abandonment of the proceedings by the District Attorney (People v Morgan, 90 Misc 2d 416).
In People v Nizza (92 Misc 2d 823), the court exercised its inherent power to control its calendar when it dismissed a case because of repeated failure of the prosecutor’s witnesses to appear. Although there were no grounds for dismissal in the interests of justice or because of speedy trial deprivation, the dismissal was held to be an exercise of the court’s inherent power to control its calendar.
VI CONCLUSION
The preferred procedure would be for the District Attorney’s office to originally charge a defendant as a misdemeanant rather than move to reduce the charges. Since this optimum procedure will not always be followed, this court believes that judicial responses can be fashioned to deal with the four situations which are most likely to occur.
First, in a great number of cases both sides will acquiesce to a reduction and the setting of a date for pretrial motions and trial. Absent extraordinary circumstances, this court will grant a motion to reduce and deny a preliminary hearing.
Secondly, in many cases the only witness to be called by the People is a police officer or public agency official. For example, this situation would arise in auto larceny and burglary cases where a supporting deposition by the complainant is attached to the court papers. Since the officer, who is under the appearance control of the District Attorney’s office, will be available for trial, and the civilian witness has signed a supporting affidavit, this court shall grant the motion to reduce and deny a preliminary hearing, absent extraordinary circumstances.
*1078 Thirdly, in a great number of cases the only witness to be called by the District Attorney’s office is a civilian. Assault and robbery cases are typical of this class. In this situation, the complainant sometimes fails to make a court appearance. The court, under its calendar control procedure, will eventually dismiss the case for failure to prosecute. On other occasions, the complainant appears in court and requests that the charges be dropped because the parties are friends or relatives, or the Assistant District Attorney may move for an adjournment in contemplation of dismissal after speaking to the complainant. Since the production of the civilian complainant in court is necessary for the People to show reasonable grounds to hold the defendant for trial, this court shall not grant a motion to reduce, and, thus, deny a defendant a preliminary hearing unless the Assistant District Attorney produces the complainant in court, absent extraordinary circumstances.
Fourthly, where a case does not fit into one of the above enumerated categories, this court would decide it on an ad hoc basis, considering the special circumstances involved. If the case warrants reduction, and this court is satisfied that the Assistant District Attorney can proceed to trial on the reduced charges, absent extraordinary circumstances, the motion to reduce will be granted and the defendant denied a preliminary hearing. Extraordinary circumstances which would merit denial of a motion to reduce might include facts in the affidavit which appear to support defendant’s contention that a preliminary hearing will result in dismissal of the charges or a Judge’s belief that the facts of the case merit Grand Jury presentation.
This court is satisfied that the above procedure fairly takes into account the factors which must be considered. It permits the prosecutor to exercise his discretion in determining on what level a criminal case will be prosecuted while protecting the rights of a defendant not to be harassed by unwarranted court appearances where a complainant does not wish to prosecute. A defendant is also protected against having unresolved criminal charges pending against him for excessive periods of time in a case where a complainant does not wish to prosecute. The procedure saves defense counsel from the work involved in preparing a case which will not go to trial, i.e., defense counsel is spared the paperwork involved in preparing pretrial motions.
*1079 Thus, each application to reduce a felony charge to misdemeanor level by the People before a preliminary hearing should be decided on a case-by-case basis, taking into consideration the various criteria discussed above. The ultimate end is that the interests of justice will be served and the legislative mandate not to grant preliminary hearings in misdemeanor cases obeyed.
The instant cases fall into the second category as the only witness to be called by the People is a police officer and the complainant has signed a supporting deposition. I find no prejudice will result to defendants (one of whom is on bail, the other on parole), if the motion to reduce is granted. Having granted said motion, I find that the defendants are not entitled to preliminary hearings.
Accordingly, the People’s application to reduce is granted. The cases will be set down for pretrial motions and trial at a date convenient for all parties in Criminal Court.