OPINION OF THE COURT
Marcy L. Kahn, J.
This case presents novel issues concerning the extent to which a defendant has the right to prevent the prosecution from seeking a reduction of charges from felony to misdemeanor status based upon the defendant’s expressed desire to testify before the Grand Jury, and whether any such attempted reduction is valid in the absence of the defendant.
Defendant was arraigned on a felony complaint charging her with assault in the second degree (Penal Law § 120.05 [3]), which was subsequently reduced upon motion of the People *410 pursuant to CPL 180.50 to assault in the third degree (Penal Law § 120.00 [1]). In an omnibus motion defendant has moved to vacate the reduction of the charge; for discovery and a bill of particulars; for suppression of defendant’s statements; and for a Sandoval hearing.
For the reasons hereinafter stated, defendant’s motion to vacate the reduction of the felony to a misdemeanor charge is denied, and the balance of the motion is denied as not ripe for determination, with leave to renew at the appropriate time.
MOTION TO VACATE REDUCTION OF CHARGE

Procedural History

This case commenced on January 11, 1990 with the filing of a felony complaint charging the defendant with one count of assault in the second degree and the defendant’s arraignment on that complaint. Defendant was released on recognizance and the matter was twice adjourned for Grand Jury action. On each of those dates the defendant was excused from appearing due to pregnancy complications. On March 1, 1990, after the People announced that there had as yet been no Grand Jury action in the matter, and defense counsel orally advised that the defendant wished to testify before the Grand Jury, the court adjourned the case until July 11, 1990, with a notation "30.30”, indicating that on that date six months would have elapsed since the commencement of the action.
On April 12, 1990 the People advanced the case on the court’s calendar and, in the absence of the defendant and defense counsel, moved pursuant to CPL 180.50 to reduce the charge to assault in the third degree, a class A misdemeanor. The prosecutor advised the court that defense counsel had received notice of the court appearance and of the People’s reason for advancing the case, and that defense counsel and the assigned Assistant District Attorney had agreed upon a two-week adjournment in order for the defense to request a motion schedule. After reviewing the factual allegations of the felony complaint, the court granted the People’s motion to reduce the felony charge to a misdemeanor (CPL 180.50 [1]). The court then made notations on the original felony complaint indicating that the accusatory instrument charging assault in the second degree had been converted to a misdemeanor complaint charging assault in the third degree. (CPL 180.50 [3] [a] [ii], [iii]; [b]; see, People v Minor, 144 Misc 2d 846 [App Term, 2d Dept 1989].) The case was then adjourned to *411 April 26, 1990 for further proceedings, including arraignment of the defendant on the reduced charge, conversion of the misdemeanor complaint to an information and the setting of a motion schedule. The court directed both the prosecutor and the clerk of the court to notify defense counsel to appear with the defendant on that date.[1]
On April 26, 1990 defense counsel appeared without his client and objected to the reduction of the charge. The People served and filed a corroborating affidavit and the matter was adjourned for resolution of this motion.
Defendant makes three arguments in support of her motion to vacate the reduction: (i) that the reduction was improper because it took place in the absence of defendant and defense counsel; (ii) that the reduction impermissibly denied defendant the right to testify before the Grand Jury; and (iii) that the reduction was not done in accordance with the requirements of CPL 180.50, in that the misdemeanor charges were not supported by the factual allegations of the felony complaint. Each of these arguments will be treated in turn.

Absence of Defendant and Defense Counsel

Defendant contends that neither she nor her defense lawyer appeared on April 12 because they were never notified by the People to appear on that date. Defendant argues that she had a right to be present for the reduction, and that reducing the charge in her absence was improper.
With regard to the issue of notice, both sides have submitted attorneys’ affidavits which relate vastly different versions of discussions between counsel as to the scheduling of the April 12 court appearance. According to the People, on April 11 defense counsel met with the prosecutors on the case to discuss the case and to receive open file discovery, notwithstanding the fact that no indictment had then been filed in the case. The prosecutors advised defense counsel that the case would be advanced from its scheduled date of July 11, 1990 to April 12, 1990 for the purpose of moving to reduce the felony charge to a misdemeanor, and that if defense counsel did not wish to appear, an adjournment would be requested *412 until April 26, 1990 for counsel’s appearance and the setting of a motion schedule addressed to the misdemeanor accusatory instrument.
Defense counsel concedes that at the meeting on April 11, he was given extensive materials from the prosecution’s file and was informed that the People were going to move to reduce the charge. He contends, however, that the Assistant District Attorneys with whom he met told him that the next court appearance would be May 1, 1990. Counsel advised that he was opposing any reduction because the defendant was "demanding” that the case be presented to the Grand Jury so that she could testify regarding the police brutality used against her.
The procedures enabling a court to reduce an unindicted felony charge to a misdemeanor are established by CPL 180.50. That section authorizes the court to reduce a felony charge to misdemeanor status without the necessity of a preliminary hearing or Grand Jury action, where the District Attorney consents to the reduction and where the facts presented to the court provide a basis for charging the lesser offense. The statute was designed to channel less important matters directly to the local criminal courts without requiring that they first be presented to Grand Juries or considered by the superior courts. (See, Commn Staff Notes, CLS Cons Laws of NY, Book 7A, CPL 180.50, at 348 [1986].)
Essential to the invocation of the procedure outlined in section 180.50, of course, is the prosecutor’s consent. This makes sense, given the broad discretion reposed in the District Attorney to determine whether, when and in what manner to prosecute a suspected offender. (See, People v Di Falco, 44 NY2d 482, 486 [1978]; People v Murray, 129 AD2d 319 [1st Dept 1987], affd 72 NY2d 689 [1988]; People v Harding, 44 AD2d 800 [1st Dept 1974]; County Law § 700 [1].) Just as it is for the prosecutor to determine whether to charge an offender with felony or misdemeanor counts, it is well within the prosecutor’s discretion to decide whether, and when, to move to reduce felony charges to misdemeanors. (See, People v Galak, 114 Misc 2d 719, 725 [Sup Ct, Queens County 1982]; People v Ortiz, 99 Misc 2d 1069 [Crim Ct, Bronx County 1979]; People v Fulcher, 97 Misc 2d 239 [Crim Ct, NY County 1978].) Consequently, neither the case law nor the statute contains any requirement that the defendant consent before a reduction can occur. (People v Galak, supra, at 725; CPL 180.50.)
*413 Neither is there any authority for defendant’s view that any reduction of the charge in her absence is invalid. Assuming, without deciding, that defense counsel had no notice and did not consent on April 11 to the prosecutor’s advancing the case on April 12 for the purpose of reducing the charge, the reduction was not rendered void by defendant’s absence. It is within the District Attorney’s province to reduce the charge at any time, and while it is vastly preferable for the proceedings to occur in the presence of defendant and counsel, the statute itself contains no such requirement. There is no provision for the defendant to be given an opportunity to object to the reduction, nor is it stated that the defendant need be present when the charge itself is reduced in order to validate that reduction. The sole requirement of the statute respecting the defendant’s participation is that after the reduction has been made and the new misdemeanor accusatory instrument has been filed, the court must dismiss the old felony complaint and arraign the defendant on the new accusatory instrument. (CPL 180.50 [3] [d].) This must be done in accordance with the provisions of CPL 170.10, which, among other requirements, mandates that the defendant be personally present at the arraignment. In this case, upon granting the People’s motion to reduce, the court directed that the defendant and defense counsel appear on the next adjourned date so that the defendant could be arraigned on the new accusatory instrument. Compliance with the statutory directives was thereby achieved.
Defendant’s argument to the contrary is premised on People v Stoneburner (129 Misc 2d 722 [Syracuse City Ct 1985]), which held that in the absence of a proper reduction from felony to misdemeanor status, the filing of a statement of readiness for trial does not toll the clock for statutory speedy trial purposes under CPL 30.30. In Stoneburner (supra, 129 Misc 2d, at 725), the court characterized as of "questionable validity” a reduction which was effected in the absence of the defendant.
Stoneburner (supra) is distinguishable from the instant case, however, for two reasons. First, it involved a reduction premised solely upon a District Attorney’s memorandum without any adherence by the court to the requirements of CPL 180.50. None of the procedures which the statute authorizes for a reduction were utilized in Stoneburner. In this case, by contrast, the court reviewed the accusatory instrument, found an adequate basis in the facts contained therein to support the misdemeanor charge and made notations on the felony com *414 plaint indicating its conversion to a misdemeanor complaint. This procedure suffices for purposes of CPL 180.50. (See, People v Minor, 144 Misc 2d 846 [App Term, 2d Dept 1989], supra; People v Comma, 146 Misc 2d 305 [Crim Ct, Kings County 1990]; CPL 180.50 [1], [3] [a], [b].)[2]
Additionally, in Stoneburner (supra), the prosecutor sought to reduce the charge in the defendant’s absence and announce the People’s readiness for trial at the same time, without the defendant ever being arraigned on the misdemeanor complaint and without that complaint ever being converted to an information. The court understandably rejected this procedure. In the instant case, however, defendant was not arraigned immediately after the reduction only because she did not appear in court that day. Her arraignment was scheduled thereafter and a supporting deposition was filed by the People on the next date with counsel present. At no time has defendant’s right to arraignment or to prosecution by information been circumvented in these proceedings. Accordingly, defendant’s reliance on Stoneburner is misplaced and her argument is rejected.

Defendant’s Right to Testify Before the Grand Jury

Defendant next argues that the reduction should be vacated because it impermissibly infringed her right to testify before the Grand Jury.
It is true that when a criminal charge against a person is about to be presented to a Grand Jury, such person has a right to appear before the Grand Jury on her own behalf in accordance with the provisions of CPL 190.50 (5). It is equally true, however, that the District Attorney has the sole discretion to determine whether to present a given matter to the Grand Jury for its investigation. (People v McDonnell, 83 Misc 2d 907 [Sup Ct, Queens County 1975].) When the District *415 Attorney determined in this case to reduce the charge to a misdemeanor and not to present the case to the Grand Jury, the defendant’s right to appear before the Grand Jury pursuant to CPL 190.50 (5) was no longer triggered.
It is true, as defendant maintains, that the Grand Jury, had it considered this case, would have had among the options open to it directing a dismissal of the charge. Nonetheless, this consideration in and of itself does not provide a basis for vacating the reduction in this case.
Defendant’s argument to the contrary is based solely on dictum, in People v Ortiz (99 Misc 2d 1069 [Crim Ct, Bronx County 1979], supra). That case upheld a prosecutor’s right to reduce a felony charge despite a defendant’s claims that the reduction would impermissibly deny him the right to a preliminary hearing. Rejecting arguments similar to those made here, the court in Ortiz held that the reduction would be ordered and that the defense was not entitled to a preliminary hearing.
Although in dictum the court in Ortiz (supra) alluded to extraordinary circumstances which would merit denial of a motion to reduce, offering as examples facts suggesting that a preliminary hearing would result in dismissal of the charges, or a Judge’s belief that the facts of the case merited Grand Jury presentation, these pronouncements were not elaborated upon in the opinion. Research has revealed no other source of authority for such judicial interference with the prosecutor’s efforts to reduce the charges. It is difficult to envision how a court might know in advance of holding a preliminary hearing that the outcome of the hearing would be a dismissal of the charge. And recent pronouncements by our appellate courts suggest that the dictum in Ortiz which invites a Judge to overrule a prosecutor’s decision not to present a case to the Grand Jury cannot be considered a correct statement of the law. (See, People v Murray, 129 AD2d 319 [1st Dept 1987], affd 72 NY2d 689 [1988], supra.)
Furthermore, defendant is not entirely without recourse to having her case heard by the Grand Jury. CPL 170.25 provides an avenue for a defendant charged with a misdemeanor to persuade a superior court that the interests of justice require such court to divest the local criminal court of justification, order that the case be prosecuted by indictment and direct the District Attorney to present the case to the Grand Jury for that purpose. In such circumstance, the proceedings *416 in the local criminal court are stayed pending submission of the charge to the Grand Jury. (CPL 170.25 [2].) Where such an application is granted, it would appear that the provisions of CPL 190.50 (5) would again come into play and the defendant could, pursuant to their terms, appear and give testimony before the Grand Jury.
Defendant also argues that People v Galamison (42 Misc 2d 387 [Sup Ct, Kings County 1964]) recognizes the right of a criminal defendant who is denied a property right to be prosecuted by Grand Jury indictment. She contends that because the Department of Correction (her employer) has suspended her employment benefits pending the outcome of this matter, Galamison entitles her to have her case heard by the Grand Jury.
This argument also lacks merit. Galamison (supra) turned upon a construction of section 32 of the New York City Criminal Court Act, which was repealed in 1971 (L 1971, ch 893, §2 [eff Sept. 1, 1971]). While the old law apparently allowed a Criminal Court Judge to direct that certain misdemeanor cases be prosecuted by indictment, under the terms of CPL 170.25 now in effect, only a Justice of the Supreme Court can make such a direction in this case.
Because defendant has no right to insist on a presentment of the case to the Grand Jury at this juncture, her motion to vacate the reduction on this ground will be denied.

Factual Support for the Charges

Defendant’s final argument for vacating the reduction is that the requirements of CPL 180.50 were not satisfied in that the misdemeanor assault charge was not supported by the factual allegations of the felony complaint. Specifically, she maintains that while the sworn allegations in the felony complaint support the charge of assault in the second degree (Penal Law § 120.05 [3]), they do not provide reasonable cause to believe that the defendant committed the misdemeanor charged, i.e., assault in the third degree (Penal Law § 120.00 [1]), as they must in order for the reduction to be valid under CPL 180.50 (3) (b).
The felony complaint contains the sworn allegation that the defendant struck Police Officer Ruggio in the face and bit him in the hand causing him to sustain lacerations to the hand and face and substantial pain. Defendant urges this court to conclude that although this allegation provides reasonable *417 cause to believe that defendant, intending to prevent a police officer from performing a lawful duty, caused physical injury to that police officer (Penal Law § 120.05 [3]), it does not provide reasonable cause to believe that defendant, intending to cause physical injury to another person, caused such injury to such person (Penal Law § 120.00 [1]). The "intent” element of the misdemeanor differs from the "intent” element of the felony, and, according to defendant, renders the reduction improper. (People v Young, 123 Misc 2d 486 [Crim Ct, Bronx County 1984].)
Defendant’s reasoning is flawed. Contrary to defendant’s contention, CPL 180.50 contains no requirement that reductions be made only to lesser included offenses of the crime originally charged. Moreover, an actor’s intent is generally difficult to ascertain, because one cannot know the inner workings of another’s mind. Criminal intent is regularly established by reference to the surrounding facts and circumstances, as well as by examination of the nature of the conduct itself. (People v Kwang Yul Oh, 141 Misc 2d 496 [Crim Ct, NY County 1988].) In this case, defendant’s intent to cause physical injury to Officer Ruggio can be inferred from the conduct in which defendant allegedly engaged, namely, striking and biting the officer. Reasonable cause therefore exists to believe defendant committed assault in the third degree.
Thus, the court’s reduction of charges complied in all respects with the applicable provisions of the CPL, and defendant’s motion to vacate that reduction must be denied.
OMNIBUS MOTION
Defendant has sought various items of relief by way of an omnibus motion. This application is not ripe for determination. Until the defendant presents herself for arraignment on the misdemeanor accusatory instrument, this court is without jurisdiction over her person. It thus lacks jurisdiction to consider her applications. (See also, CPL 170.30, 255.20 [1].) Accordingly, defendant’s motion is denied with leave to renew at the appropriate time.
CONCLUSION
For the foregoing reasons, defendant’s motion to vacate the court’s reduction of the felony charge is denied. Defendant’s omnibus motion is denied, with leave to renew it after defendant is arraigned on the misdemeanor accusatory instrument.
*418 Defendant is directed to appear before the court for arraignment on the misdemeanor charge pursuant to CPL 180.50 (3) (d). Defendant may, thereafter, seek an adjournment of the proceedings in this court pursuant to CPL 170.25 (3) in order to move in Supreme Court for an order removing the case to that court and directing the District Attorney to present the case to the Grand Jury.

. The transcript of the proceedings reflects the court’s statement as follows: "April 26th. The Court will notify defendant and defense counsel, but under the circumstances, I will like to [sic] notify defense counsel as well”. The statement by the court was actually "I would like you to notify defense counsel as well”.

. Although CPL 180.50 (1) authorizes the court to make a more extensive inquiry, e.g., by questioning the prosecutor, the defendant (upon her consent) or other witnesses, this authorization is permissive only ("the local criminal court may * * * make inquiry”), affording the court in a questionable case a statutorily approved procedure for inquiring into the basis of the prosecution. These procedures are by no means required, however, and where, as often occurs, a sufficient basis for reduction appears on the face of the felony complaint, a review of that document should constitute a sufficient "inquiry” to permit reduction. This interpretation of CPL 180.50 (1) is congruent with the provisions of CPL 180.50 (3) and comports with the legislative intent of expediting the resolution of less serious cases in local criminal courts.