*549 OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
The defendant was initially charged with violating Penal Law §265.02 (criminal possession of a weapon in the third degree), a class D felony, and with various violations of the Administrative Code of the City of New York, including violation of section 10-131 (h) (2) (unlawful possession of a loaded shotgun). The charges were presented to the Grand Jury of Bronx County and the defendant was indicted on one count of criminal possession of a weapon in the third degree and one count of unlawful possession of a loaded shotgun. Upon the defendant’s motion, the court then dismissed the indictment for defective Grand Jury proceedings and authorized the District Attorney to resubmit the case to the Grand Jury. The prosecutor informed the court that the case would not be resubmitted and it was dismissed. The defendant was then arrested again for the same incident and charged only under section 10-131 (h) (2) of the Administrative Code of the City of New York.
Defendant now moves to dismiss the instant action, alleging that it is barred because of previous prosecution, pursuant to CPL 170.30 and 210.20 (4). Defendant correctly states that a Supreme Court Justice who dismisses an indictment for defective Grand Jury proceedings can authorize resubmission of the charge to the same or another Grand Jury. Defendant than argues that this is the only remedy available to cure a defective Grand Jury proceeding and since the Justice who presided over the initial proceeding, herein, authorized the District Attorney to resubmit the charges, that was the only recourse available to the prosecutor. Therefore, when the District Attorney chose not to resubmit the case, it was dismissed and any subsequent action was barred by the prior prosecution.
The decision of the court is as follows:
CPL 170.30 (1) (c) provides for dismissal of an accusatory instrument if prosecution is barred by reason of a previous prosecution, pursuant to CPL 40.20.
CPL 40.20, in conjunction with CPL 40.30, acts to bar a second prosecution for the same oifense when the initial action terminates in a conviction on a guilty plea, or proceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn. Thus, double jeopardy only attaches when a prior *550 prosecution has already proceeded to the trial stage (see, Matter of Chang v Rotker, 155 AD2d 49 [1990]).
Since the initial proceeding against this defendant never reached the trial stage, prosecution is not barred under CPL 40.20 and 170.30.
Nor is the court convinced that CPL 210.20 (4) prevents the District Attorney from bringing the instant action.
CPL 210.20 (4) provides that upon dismissing an indictment for, inter alia, defective Grand Jury proceedings, the court may, upon application of the People, in its discretion, authorize the People to submit the charge or charges to the same or another Grand Jury. Also, in the absence of authorization to submit or resubmit, the order of dismissal constitutes a bar to any further prosecution of such charge or charges, by indictment or otherwise, in any Criminal Court within the county. The statute, however, is silent as to whether the District Attorney must resubmit the charges when authorization is given or whether he has the option to proceed in some other manner and this court has not been able to find any cases that deal with this issue. Thus, this appears to be a case of first impression and without any case law to guide it, this court has looked to the traditional and statutory role of the District Attorney to determine whether the actions of the prosecution in this matter should be sustained.
Courts have consistently held that the prosecutor has wide powers and latitude as to whom, whether and how to prosecute (People v Ortiz, 99 Misc 2d 1069, citing People v Harding, 44 AD2d 800, and People v Di Falco, 44 NY2d 482).
Further, the courts have no control over the discretion exercised by the prosecutor and they have no authority to mandate a District Attorney to perform or not to perform his discretionary duties (People v Ruggieri, 100 Misc 2d 585 [1979]).
It has been held to be within a prosecutor’s discretion to determine whether to proceed under a misdemeanor section of the CPL rather than under a felony section (People v Ortiz, supra, at 1076); whether to dismiss counts of a pending indictment (People v Pettway, 131 Misc 2d 20 [1985]); whether to reduce, add or amend charges (People v Bowman, 88 Misc 2d 50 [1976]); whether a misdemeanor should be submitted to the Grand Jury (CPL 190.55 [2] [c]); and in the absence of a common-law, constitutional or statutory prohibition to the contrary, the District Attorney has the inherent power to *551 reinstate timely criminal proceedings so long as no prior judicial determination has been made on the merits of a case that would serve to bar further prosecution (People v Chandler, 111 Misc 2d 654 [1981]).
Since CPL 210.20 (4) only specifically prohibits further prosecution in the absence of authorization to resubmit, it would not prevent further prosecution in this case, since leave to resubmit was granted and the doctrine of "prosecutorial discretion” permits the District Attorney to withdraw from the felony prosecution and reinstate a timely proceeding against the instant defendant on the misdemeanor charge. As previously stated, double jeopardy has not attached since trial had not commenced, there was no determination on the merits and CPL 210.20 (4) did not bar a new action.
Accordingly, defendant’s motion to dismiss this action is denied for the above-stated reasons.