OPINION OF THE COURT
Yvonne Lewis, J.
A felony complaint was filed against the defendant and he was arraigned in criminal court. At the arraignment, the People filed Grand Jury notice pursuant to CPL 190.50; the de *851 fendant reciprocated. Bail was set in the amount of $5,000 bond or $1,500 cash; the court then adjourned the case. The return day was the last business day before the expiration of the time period set forth in CPL 180.80 for the defendant’s release if there was neither Grand Jury action nor the occurrence of a preliminary hearing. The case was called during the morning session but the defendant had not yet been produced. The Assistant District Attorney indicated that the People expected Grand Jury action that day and requested that the case be called again later in the afternoon. There was a "second call” on the case near the end of the day. The defendant had not been produced, nor had the case been presented to the Grand Jury. The prosecution evinced its intention to "reduce the case to a misdemeanor and announced ready pursuant to 170.70.”[1] The defendant’s lawyer objected to both the reduction and the arraignment of his client, noting that the defendant was not present and that pursuant to CPL 180.80, his client should be released that day. The Judge allowed the reduction and the prosecution immediately "ma[d]e a record that the People have absolute intention pursuant to §170.20 to indict this case.”[2]
In an application brought by way of writ of habeas corpus the defendant, by his counsel, petitioned this court for his immediate release. The argument for instant release is predicated on the belief that the procedure followed by the criminal court violated the provisions of the Criminal Procedure Law and use of that procedure constituted an abuse of discretion. The defendant contends that the failure to follow the procedure in CPL 180.50 brought about a deprivation of the defendant’s right to due process. His relator proffers the argument that the defendant could not be kept in jail beyond the time allowed by CPL 180.80.
The indictment came down before all written arguments were in on the motion. The issuance of the indictment rendered the motion moot and perhaps beyond the jurisdiction of this court. The court must first determine whether this motion can be decided. "It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal (Matter of State Ind. Comm., 224 NY 13, 16; Califor *852 nia v San Pablo & Tulare R. R., 149 US 308, 314-315). This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary.” (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980].)
Thus, the merits of the application may only be addressed if found to lie within the exception to the mootness doctrine. The exception permits review of important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable (see, Roe v Wade, 410 US 113, 125). To meet the exception, this court must find that three common factors exist: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues” (Matter of Hearst Corp. v Clyne, supra, 50 NY2d, at 714-715). An examination of the Court of Appeals enumerated requirements will determine whether this writ may be responded to.
The instant request is that the court make a finding that the defendant should be released pursuant to CPL 180.80 if the People reduce felony charges to misdemeanor charges just to avoid the release of the accused while they seek an indictment. The situation presents an issue that is likely to repeat regularly, inasmuch as the District Attorney’s assistants are frequently unable to get an indictment within the CPL 180.80 time frame. This case is a classic example of one having an issue that quickly eludes judicial scrutiny. Since one cannot regain or undo time spent incarcerated when one should have been released and given the speed with which a determination must be made in order to give any effective relief, the adulterine failure to release is a "phenomenon typically evading review.” The research reveals that this is a "substantial and novel” issue, that is, one which is important to the administration of justice or the effectuation of our laws and one which has not been decided.
Both the issues of reduction and arraignment, out of the presence of the defendant, have been addressed (see, People v Harris, 148 Misc 2d 408 [1990]). This court agrees with Judge Khan’s opinion: "There is no provision for the defendant to be given an opportunity to object to the reduction, nor is it stated that the defendant need be present when the charge itself is *853 reduced in order to validate that reduction. The sole requirement of the statute respecting the defendant’s participation is that after the reduction has been made and the new misdemeanor accusatory instrument has been filed, the court must dismiss the old felony complaint and arraign the defendant on the new accusatory instrument. (CPL 180.50 [3] [d].) This must be done in accordance with the provisions of CPL 170.10, which, among other requirements, mandates that the defendant be personally present at the arraignment.” (People v Harris, 148 Misc 2d 408, 413.)
The issue of whether the prosecution may reduce the felony charges to misdemeanor charges for the purpose of keeping the defendant in jail while he or she extends the time to get an indictment has not been judicially reviewed. That remaining issue is ripe then for this court’s examination.
CPL 180.80 states inter alia: "Upon application of a defendant against whom a felony complaint has been filed with a local criminal court, and who, since the time of his arrest or subsequent thereto, has been held in custody pending disposition of such felony complaint, and who has been confined in such custody for a period of more than * * * one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon, the local criminal court must release him on his own recognizance” (emphasis added). The directive is unequivocal. The statute mandates the release on the defendant’s recognizance (ROR) if none of four circumstances has occurred within the CPL 180.80 time frame: (1) the defendant caused or consented to the delay; (2) an indictment has been voted, (3) or filed; or (4) the court is satisfied that the People have shown good cause why such order of release should not be issued.
There is no dispute as to whether any one of the prerequisites of CPL 180.80 for retaining the defendant on bail was carried out and since none was, normally the defendant should have been released. But the People would argue that once they reduced the felony charges, the CPL 180.80 provisions were inapplicable. And this court accepts that argument in any instance where the People are truly intent upon reducing the charges. In a case such as this, the People usually would have reduced the felony charges, adjourned the case; the defendant would have been produced and arraigned and either entered a plea agreement or prepared to go to trial on a corroborated complaint. There would have been a bail application and bail or ROR would have been set by the court.
*854 It appears, in the instant case, that the defendant was not actually arraigned on the misdemeanor charges. A fact which would, if true, impact upon the prosecution’s argument that its purpose for immediately giving CPL 170.20 notice was to prevent the defendant from pleading guilty to the misdemeanor charges before an indictment could be filed. Patently, the defendant could not have entered a plea of guilty to the misdemeanor charges unless he was present and had been arraigned on them. The failure of the prosecution to wait for an arraignment before giving CPL 170.20 notice lends additional support to the argument of the relator as to the prosecution’s motive for reducing the charges.
The prosecution proffers no argument that there were reasons other than keeping Mr. Ijnace incarcerated on the reduced charges. An indictment subsequent to the CPL 180.80 day could have been achieved in other ways had not the prosecution been intent upon keeping the defendant incarcerated while they sought additional time for the indictment. The defendant could have been released, ROR, pursuant to CPL 180.80 and the People could have continued their presentation and gotten an indictment while the defendant was "out”. Upon indictment, they could have summoned him to return to court. But clearly the prosecution had no intention of ever allowing Mr. Ijnace to plead guilty to the misdemeanor charges.
Since the CPL 180.80 time had elapsed, the only time to indict without an ROR release would be time allowed for incarceration pursuant to CPL 170.70 on the misdemeanor charges. Hence the need to reduce the felony charges to misdemeanor ones; once corroborated the prosecution could ensure that the defendant would remain in jail if he could not post the bail set by the court. It is noted that the court reduced the bail in light of the reduction of charges. But in this, as in many like cases, the defendant could not afford to post even the reduced bail of $1,500 and had to remain in jail.
This court is unable to find any reason for the prosecution’s reduction of charges in this case which would suggest some motive other than to keep the defendant incarcerated while they sought the indictment; the prosecution has offered none. It is clear that the prosecution always intended to proceed with felony charges against Mr. Ijnace. Since that is the case, the prosecution is limited in its pursuit to indict to the time frame set out in CPL 180.80. The analogy to the Court of Appeals reasoning in People v Osgood (52 NY2d 37) is applicable hereto. The purpose of CPL 180.80 is "to ensure that a defen *855 dant being held in custody on the basis of a felony complaint not be incarcerated for an excessive period of time prior to a judicial determination that there is reasonable cause to believe that he committed a felony”. (People ex rel. Suddith v Sheriff of Ulster County, 93 AD2d 954 [3d Dept 1983], lv denied 60 NY2d 551.) CPL 30.30, which the Court of Appeals addressed in Osgood (52 NY2d 37), was similarly enacted to "eliminate unjustified delays, to impose upon the People a standard of diligence and blamelessness, and to provide a disincentive for delay” (People v Bratton, 103 AD2d 368, 373 [2d Dept 1984], affd 65 NY2d 675).
The Court of Appeals stated: "It would, of course, be inconsistent, if not perverse, for the Legislature to provide that a statute, designed to insure diligent prosecution * * * should be suspended when the District Attorney has inexcusably delayed the prosecution” (People v Osgood, supra, at 41-42). In Osgood, the Court dealt with the speedy trial issue. The issue there, as here, is one which addresses the ability of the prosecution to extend the statutory time limits by manipulating indictments (Osgood) or reducing charges (the instant case).
There can be no doubt that the Legislature intended to have a defendant released on his/her own recognizance if the prosecution is unable to meet the CPL 180.80 deadline. To allow a reduction of charge, for no other reason than to keep the defendant incarcerated while they get an indictment on the same charges as were originally alleged, would allow the grant of power to the District Attorney of that which the Legislature denied in the passage of CPL 180.80. An accused could be retained for both the CPL 180.80 period and for the CPL 170.70 period before being eligible for release on recognizance, even though the People had not yet filed an indictment. Clearly, this is not the intent of the lawmakers. Were it so, there would be no need for the separate statutes nor the mandatory language of CPL 180.80.
Acceptance of the prosecution’s argument for the challenged practice requires not only that the court countenance the practice of reducing felony charges to misdemeanor charges when there are no intentions of allowing the defendant to take a plea or go to trial on the charges; it also demands that one ignore the obvious intention to keep the defendant incarcerated during the CPL 170.70 time deadline in conspicuous contravention of the directive of CPL 180.80. Such a practice cannot be sanctioned.
*856 The court would sustain this writ but for its mootness. Though this case is moot, the District Attorney is hereby notified that the utilization of this subterfuge is prohibited.

. See, transcript of calendar call, docket No. 96K052957, July 19, 1996, at 3, 1.20 (hereafter TCC).

. TCC, at 5, 1.16.