■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES HARDING, Appellant.— Judgment, Supreme Court, New York County, rendered on June 19, 1972, convicting defendant after trial by jury of grand larceny in the second degree, and sentencing him to an indeterminate term not to exceed five years, unanimously reversed, on the law and in the exercise of discretion, and a new trial directed. The failure of the Trial Judge to hold a formal hearing, with counsel for defendant present, on the question whether or not a juror, one Julian Jackson, actually was a tainted juror, constituted error, which, on the entire record and in the interests of justice, compels a new trial. (*People* v. *Leonti,* 262 N. Y. 256; *People* v. *Pauley,* 281 App. Div. 223, 227.) In the case at bar, a trial anew is directed because no hearing can obliterate the fact that there is sufficient evidence in the present record to support the

contention that the juror, Julian Jackson, knew the defendant many years prior to the trial and harbored a grievance against him because he had "run around with his [Jackson's] wife." A cloud is over the verdict regardless of any disclaimer by the juror, Jackson, that he was acquainted with the defendant. There are contrary affirmations by third parties that the juror did in fact know the defendant at the very time the defendant was "seeing" Jackson's wife. We lean to the view also that there are grounds for suspicion that the defendant was aware of Jackson's identity at the time the latter was chosen as a juror, and that he was not without guile when he permitted him to be chosen as a juror; and that he disingenuously concealed this recognition for the purpose of later challenging the verdict for bias. But this alone cannot save the verdict. It is elemental that every defendant in a criminal case has a constitutional right to an impartial jury and accordingly, any bias or prejudice on the part of a juror, on grounds such as here disclosed, would make this conviction a nullity. The preservation of the integrity of the judicial process requires a trial by a jury above all and any suspicion of prejudice. (*Clark* v. *United States*, 289 U. S. 1; *People* v. *Leonti, supra*; *People* v. *Pauley, supra*.) If we were not compelled to order a new trial for the foregoing reason, we would also consider as further error the failure of the Trial Judge to grant defendant's request to have played a tape recording of a conversation between the defendant and the complainant, McKinney. The District Attorney's brief concedes this error and would dispose of it by simply stating "the failure to play the tape of the conversation to the jury was *de minimus*." We cannot accept this contention since the tape, which was the product of an attempted entrapment of the defendant by the prosecution, was correctly admitted into evidence, over the respondent's objection that it constituted a self-serving declaration. The fact that the transcript made of the recorded telephone conversation was concededly correct fails to ameliorate the fact that the tape and not the transcript constitutes the best evidence of the nature of the conversation. The defendant should not have been deprived of the opportunity of having the jury *hear* the words spoken and evaluating the inflection and tone of voice. (See Richardson, Evidence [9th ed.], § 127.) We find this error to be prejudicial, particularly in the case at bar, where guilt turns on the credibility of the testimony of only two persons, the complainant and the defendant, who were allegedly business venturers together. Additionally, we would agree with the observation made in the concurring memorandum that the tenor of the court's charge was unduly prejudicial. We also observe that the use of the phrase "feel in your hearts and consciences", in connection with a definition of reasonable doubt, was an unfortunate lapse. Lastly, we regretfully observe that we are now reviewing a second trial, resulting from the fact that on the first trial there was a "hung jury"; and before the prosecution of this case, that the complainant did not complain to the District Attorney, until the defendant failed to make payment on the promissory note given for the advances made by McKinney. However, this observation is intended in no way to derogate from the recognizedly unfettered discretion of the District Attorney to prosecute or not to prosecute. Concur — McGivern, P. J., Murphy and Lupiano, JJ.; Capozzoli, J. concurs in the result, and Steuer, J., concurs in the following memorandum: I concur in the result but not on the grounds stated in the majority opinion. We start with the too familiar proposition that the record leaves no doubt as to the defendant's guilt. It would have been better had the court ordered a hearing as to whether the juror in question knew the defendant and had reason to be biased against him. However, the court did examine the juror and was satisfied, as he reasonably should have been, that

the claim was a ploy employed by this defendant — that he suddenly remembers one of the jurors whom he had wronged in the past and who would naturally be seeking to even the scales. It is quite in character with this former police officer turned confidence man to try this coup which had been successful when a jury convicted him in a prior case. The failure to play the tapes was a make weight objection to a nonprejudicial error of the type which can never be entirely eliminated. What is far more serious, and what was prejudicial, was the court's summation of the evidence which contained, unfortunately, a thinly veiled direction as to how the jury should find on that evidence.