■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN ELLIS, Appellant.—Appeals from (1) an amended judgment of the County Court of Chemung County, rendered December 17, 1975, which revoked defendant's youthful offender adjudication and sentenced him to an indeterminate term of imprisonment of not more than four years upon his prior plea of guilty to the crime of robbery in the second degree, and (2) a judgment of the same court rendered December 17, 1976 upon a verdict convicting defendant of the crime of robbery in the first degree and sentencing him to an indeterminate term of imprisonment of not less than five years nor more than 15 years. Defendant's sole claim on these appeals is that his convictions should be reversed because of the bias of one juror. During the course of the trial defendant's attorney learned that one of the jurors was the mother of a Chemung County Probation Officer who had at one time been the defendant's probation officer. Despite such knowledge, defense counsel made no mention of this fact and no motion in respect thereto until after the verdict had been rendered and the jury discharged. In the case of the *initial selection* of the jury, a challenge for cause of a prospective juror not made before he is sworn in "shall be deemed to have been waived, except that such a challenge based upon a ground not known to the challenging party at that time may be made at any time before a witness is sworn at the trial" (CPL 270.15, subd 4). Such language demonstrates a clear intention on the part of the Legislature to require challenges for cause of jurors in criminal cases at the earliest possible time, at the risk of waiving one's right to such challenge, for failure to act promptly. Although the defendant's attorney in this case did not learn of the facts relating to the possible bias of the juror in question until the second day of the trial, long after the first witness had been sworn in, a strong argument can be made, based upon the policy apparent in CPL 270.15 that the failure to bring this matter to the court's attention until after the conclusion of the trial, effectively waived the defendant's right to make such challenge (cf. *People v Harding,* 44 AD2d 800). The cases cited by defendant are distinguishable. There is no claim that the juror in question testified falsely or concealed any of the facts upon which the present appeal is based during the *voir dire* (cf. *People v Pauley,* 281 App Div 223). There is no indication in this record, and defendant makes no claim as to actual bias on the part of said juror (cf. *People v Harding, supra).* Finally, there is no indication that the juror even knew of the past relationship between her son and the defendant. We have examined this record in its entirety and conclude that the proof of the defendant's guilt was overwhelming. Judgments affirmed. Sweeney, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.