Hon. Carl A. Vergari District Attorney, Westchester County
This is in response to your letter of February 28, 1979 wherein you ask the following questions in regard to the provisions of section 812, subdivision 3 of the Family Court Act (L 1978, ch 628, sec 3, eff. July 24, 1978):
 (1) Does subdivision 3 mandate the District Attorney to prosecute a case whenever a complainant requests criminal prosecution or is ordinary prosecutional discretion retained by the District Attorney? If the District Attorney decides not to prosecute, may the District Attorney decline prosecution if the complainant files a complaint with the Court on his or her own?
 (2) When the District Attorney accepts a complaint of a spouse does subdivision 3 require the District Attorney to accept a cross complaint by the defendant's spouse, based on the same incident, prior to adjudication of the first complaint?
Section 812, subdivision 1 of the Family Court Act establishes concurrent jurisdiction in the family court and the criminal court over any proceeding concerning acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempted assault between spouses, or between parent and child or between members of the same family or household. The appearance of a district attorney under the provisions of section 812 of the Family Court Act is limited to the criminal court, except in those instances where he is requested to present the case in family court in support of the petition (Family Court Act, § 254).
Section 812, subdivision 3 of the Family Court Act reads as follows:
 "(3) No official or other person designated pursuant to subdivision two of this section shall discourage or prevent any person who wishes to file a petition or sign a complaint from having access to any court for that purpose."
A district attorney is a designated person under subdivision two of this statute.
The powers and duties of a district attorney are contained in section700 of the County Law which reads in part as follows:
 "1. It shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed * * *."
A district attorney has broad discretion in determining whether, when and in what manner to prosecute (United States v Lovasco, 431 U.S. 783
[1977]; People v Singer, 44 N.Y.2d 241, 257 [1978], J. Gabrielli, dissenting and concurring; People v Harding, 44 A.D.2d 800 [1st Dept, 1974]). It is, in fact, unprofessional conduct for a prosecutor to institute criminal charges on less than probable cause (ABA Code of Professional Responsibility, § DR 7-103 [A] [1969]).
Even in regard to those matters which require prosecution, the previous opinions of the Attorney General and decisions rendered by the courts have concluded that while the district attorney of a county has the duty to conduct all prosecutions for crimes and offenses in his county (County Law, § 700, subd 1), it is manifestly impossible for him to personally appear and prosecute all misdemeanors and offenses in every court of special sessions in such county, and therefore, he is accorded latitude in the exercise of his discretion as to such appearances and prosecutions (see, e.g., 1958 Atty. Gen. 117; 1966 Atty Gen [Inf Opns] 125; 1969 Atty Gen [Inf Opns] 54; 1977 Atty Gen [Inf Opns] 292; People vSchildhaus, 4 N.Y.2d 883 [1958]; People v Van Sickle, 13 N.Y.2d 61
[1963]). The district attorney "must carry the responsibility and must set up a system whereby he knows of all the criminal prosecutions in his county and either appears therein in person or by assistant or consents to appearance on his behalf by other public officers or private attorneys" (People v Van Sickle, supra).
The provisions of section 812, subdivision 3 of the Family Court Act require that a complainant shall not be discouraged or prevented by, among others, a district attorney, from having access to any court for the purpose of filing a petition or signing a complaint. Nothing contained therein mandates the district attorney to prosecute every instance where a petition is filed or a complaint is signed. In our opinion, as long as there is a review of said petition or complaint, the district attorney may use his discretion in determining whether or not, and in what manner to prosecute. Such discretion would include the authority to decline prosecution in the situation where a complainant files a complaint with the court on his or her own.
In response to your second question, there is nothing in subdivision 3, nor, for that matter, in any other provision of section 812
of the Family Court Act which addresses the filing of a cross complaint by a defendant's spouse, based on the same incident, before the adjudication of the first complaint. Each filing of a petition or signing of a complaint is a separate act which is to be considered by the district attorney on its own merits. Absent any language requiring the district attorney to accept such a cross complaint, it is our opinion that the district attorney may accept it or decline prosecution in the exercise of his prosecutorial discretion.