OPINION OF THE COURT
Ernst H. Rosenberger, J.
The defendant has been indicted, charged with the crimes of grand larceny in the second degree and presenting a false *602 insurance claim. He has moved to dismiss the indictment maintaining that he was "granted immunity and was under an agreement not to be prosecuted”.
In the papers before the court on the motion it is not disputed that the defendant was interviewed by a sergeant of the Internal Affairs Division of the New York City Police Department after an agreement had been reached between counsel for the parties. The agreement concerned some form of immunity for the defendant. The nature and scope of the agreement and the power which the court has to enforce it are in issue here.
The defendant contends that the Assistant Special Prosecutor then assigned to the case (who has since left government service) made an agreement with his attorney that the defendant would be interviewed by the sergeant. In return, he would not be prosecuted and would receive full immunity.
The prosecution contends that the defendant received only "office” or use immunity. It is their position that the agreement called for an interview and, if valuable and truthful information were given by him that he would be called before a Grand Jury and would thereby receive full immunity. He was not called before a Grand Jury, the prosecution maintaining that the information given by him was not new and valuable and that it may have been less than completely truthful.
There is no claim that the indictment was the result of leads or evidence arising from the interview.
A hearing was held at which the defendant’s attorney[1] and the former Assistant Special Prosecutor testified.
The defendant’s attorney described his professional background. He has been at the Bar for 28 years, specializing in the practice of criminal law. He has been president of the Kings County Criminal Bar Association.
He testified as follows concerning this case: he received a call from the father of the defendant stating that a police sergeant had called to speak to the defendant. After being retained, the attorney called the sergeant and he outlined the investigation. The attorney told the sergeant that there would *603 be no interview without immunity to which the sergeant responded that he could not discuss such matters and that the attorney should call the prosecutor.
The attorney then called the prosecutor who stated that he was not interested in prosecuting the defendant but was investigating police officers. An agreement had then been made between them for immunity. The attorney’s notes of the conversation were received in evidence. Next to the name of the Assistant Special Prosecutor he had written "full imm.”.
The attorney then called the sergeant and arranged for an interview of the defendant. The defendant was interviewed at the attorney’s office in the presence of the attorney and questioned about police officers at an auto body shop and about an insurance claim on his car (the subject of the instant indictment). The interview lasted about half an hour, at the conclusion of which the sergeant admonished the defendant to behave himself and said, holding his thumb and forefinger close together, "you came this close to being indicted”.
The attorney believed the defendant had full immunity and would not have permitted the interview otherwise.
Later, the attorney was advised by telephone that the defendant had been indicted and surrendered defendant the next morning. The attorney complained immediately to the Assistant Special Prosecutor and to the court, at arraignment.
He testified that the mechanics of conferring immunity had not been discussed and that he had in the past made many "handshake” agreements concerning immunity. He testified that there were no conditions attached to the immunity.
The former Assistant Special Prosecutor testified as follows: he had spoken to the defendant’s attorney and stated that the defendant was not a target of the investigation and that he did not intend to prosecute civilians in this matter. He stated that the defendant’s attorney said there would be no interview without immunity and the former Assistant Special Prosecutor stated that only the Grand Jury can give immunity and if the information was good he would put the defendant before the Grand Jury. He stated that after the interview the sergeant did not believe the defendant and that no new and valuable information was obtained from the interview. The sergeant previously told him that the attorney had asked for immunity. He had no recollection of discussing use immunity with the attorney.
*604 He stated that he had been unable to locate his diaries for the period in question.
The new Assistant Special Prosecutor was able to locate the appropriate diary and it was later submitted to the court, by stipulation, to form part of the record.
The diary entry shows that the former Assistant Special Prosecutor had spoken to his bureau chief who "has consented to immunity”. "He is to be questioned only about the car and police officers nothing else.” The last entry shows that the former Assistant Special Prosecutor had spoken to the defendant’s attorney and "we discussed limits of immunity” "I called [the sergeant and] told him to limit his questions to cops and Caruso’s car”.
The complete immunity from prosecution may be obtained by a prospective defendant, or any witness, only by strict compliance with the requirements of our immunity statutes. (People v Laino, 10 NY2d 161, 173; People v Avant, 33 NY2d 265, 272.) CPL 50.10, 50.20 and 190.40 are our immunity statutes. Each of them requires that the person receiving immunity give testimony as a witness in a legal proceeding. The defendant here gave no testimony and was never called as a witness. He thus did not receive immunity.
The matter does not end there, however. I find that there was an agreement made between counsel for the parties that the defendant would be immunized from prosecution in the areas covered by this indictment. This agreement must be viewed as an agreement by the former Assistant Special Prosecutor not to prosecute the defendant, provided he submitted to police investigation. The defendant submitted to the interrogation. He complied with his portion of the agreement.[2]
No cases dealing with the precise issue here presented have been located. Other cases, however, are instructive.
In People v Selikoff (35 NY2d 227), Chief Judge Breitel wrote (p 241): "The prosecutor, without authority, promised that which he could not legally perform and the defendant, therefore, could not, as a matter of law, rely on that promise.”
Reasoning from that statement, it is clear that a defendant does have a right to rely upon a promise made by a *605 prosecutor when the prosecutor has the authority and the ability to fulfill his promise.
There is no question that a prosecutor has discretion to determine whom, whether and how to prosecute. (Matter of Coombs v Edwards, 280 NY 361; People v Fielding, 158 NY 542; People v Harding, 44 AD2d 800; Matter of Johnson v Boldman, 24 Misc 2d 592.)
There must be public confidence in the criminal justice system if that system is to function properly in protecting the people of this State. This is particularly true in the vital and sensitive area of the investigation and prosecution of official corruption. Confidence is diminished when promises are not kept; it is enhanced when they are.
The motion is granted and the indictment is dismissed.

. Mindful of the provisions of DR 5-102 of the Code of Professional Responsibility, the defendant’s attorney withdrew from the conduct of the hearing and defendant was represented by other counsel.

. Although the former Assistant Special Prosecutor testified that the sergeant did not feel the defendant was completely truthful, no futher mention of this was made at the hearing and no evidence concerning untruthfulness was offered.