THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD G. BARNES, Appellant.

Third Department, July 9, 1987

APPEARANCES OF COUNSEL

*Richard G. Barnes,* appellant *pro se.*

*James C. Canfield, District Attorney (Youel C. Smith* of counsel), for respondent.

OPINION OF THE COURT

WEISS, J.

In 1981, defendant was convicted after a jury trial of first

degree robbery and second degree grand larceny. The conviction was affirmed on direct appeal (99 AD2d 877). In May 1986, defendant moved to vacate the conviction pursuant to CPL 440.10 on the ground, *inter alia,* that a trial juror should have been disqualified since the juror's brother had previously been arrested with defendant *(see,* CPL 270.20 [1] [c]). Specifically, defendant asserted that William Sorensen, the brother of the challenged juror, Daniel Sorensen, was arrested in 1979 along with defendant and another individual on an unrelated charge. After William gave a statement implicating defendant, the charges against William were dismissed. Following a hearing limited to the question of Daniel's qualifications as a juror, County Court effectively concluded that defendant's failure during the trial voir dire to inquire as to Daniel's awareness of the 1979 incident waived the present objection. The motion was thus denied and, by leave of this court, this appeal ensued.

We affirm, albeit for different reasons. Initially, we cannot agree that defendant waived the present challenge. Daniel testified that during voir dire he was asked whether he knew defendant and his response was "no". As such, it is difficult to perceive how further inquiry on the part of defense counsel would have disclosed the relationship of the Sorensen brothers *(see, People v Albright,* 104 AD2d 508, 510-511 [Mahoney, P. J., concurring], *revd on other grounds* 65 NY2d 666). Moreover, the record indicates that defendant became aware of this relationship only upon investigation after trial *(cf., People v Ellis,* 54 AD2d 1052). Thus, the failure to inquire during voir dire did not effect a waiver.

Defendant essentially maintains that he was deprived of a fair trial due to the "implied bias" inherent in the Sorensen brothers' relationship. We disagree. The standard for determining whether a juror should have been disqualified is set forth in CPL 270.20 which, in pertinent part, authorizes a challenge for cause when the juror "bears some other relationship to any such person of such nature that it is likely to preclude him from rendering an impartial verdict" (CPL 270.20 [1] [c]; *see,* CPL 270.35; *People v Branch,* 46 NY2d 645, 650-651). There is no dispute that the Sorensens are brothers and that William was arrested with defendant in 1979. The existence of this relationship, however, does not automatically render Daniel unqualified as a juror *(see, People v Rentz,* 67 NY2d 829, 830). Unless the juror is aware of the relationship, the statutory proscription does not come into play *(see, People*

*v Harris,* 84 AD2d 63, 95, *affd* 57 NY2d 335, *cert denied* 460 US 1047).

As the People concede in their brief, County Court failed to expressly resolve the pivotal question of whether Daniel was aware of his brother's previous arrest at the time of trial. At the hearing, Daniel testified that he was not aware of the 1979 incident and that he did not advise William of his service as a juror until after the trial. William described the 1979 incident as a brief encounter with defendant, an individual whom he had not previously met, nor seen since. William indicated that he did not recall ever discussing the 1979 incident with Daniel prior to being subpoenaed on the subject motion. County Court impliedly adopted the testimony of the Sorensen brothers for it found the only testimony supportive of defendant's position was that of one Mark Hardt, a bartender, who ostensibly overheard a conversation between the Sorensens in 1982 in which Daniel stated that he "got over on" Rensselaer County and words to the effect that "the turkey deserved it". County Court found the testimony of this witness "riddled with inconsistencies" and unpersuasive.

Our review of the record confirms that defendant failed to meet his burden of demonstrating either an implied or actual bias on the part of Daniel, for it has not been shown that at the time of trial this juror was aware of his brother's previous contact with defendant in 1979 *(see,* CPL 440.30 [6]; *People v Harris,* 84 AD2d 63, 95, *supra).* The credibility of Hardt was for County Court to assess, and given Hardt's extensive criminal background and concession that he overheard only parts of the conversation, we find no impropriety in the court's rejection of his testimony. Accordingly, we find that Daniel Sorensen was not unqualified to serve as a juror in this case (CPL 270.20 [1] [c]; 270.35).

We have examined the remaining objections raised by defendant and find them unavailing *(see,* CPL 440.10 [2]).

MAIN, J. P., CASEY, MIKOLL and YESAWICH, JR., JJ., concur.

Order affirmed.