People v Allen (2024 NY Slip Op 05688)

People v Allen

2024 NY Slip Op 05688

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, DELCONTE, AND KEANE, JJ.

700 KA 23-00539

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PAUL R. ALLEN, DEFENDANT-APPELLANT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Melinda H. McGunnigle, A.J.), rendered March 28, 2023. The judgment convicted defendant upon a jury verdict of sexual abuse in the first degree (two counts), sexual abuse in the second degree, forcible touching (two counts) and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Oswego County Court for proceedings pursuant to CPL 460.50 (5).
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of sexual abuse in the first degree (Penal Law § 130.65 [2], [4]) and two counts of forcible touching (§ 130.52 [1]). Although defendant contends on appeal that the verdict is not supported by legally sufficient evidence for multiple reasons, defendant preserved that contention only with respect to the forcible touching counts (see generally People v Gray, 86 NY2d 10, 19 [1995]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence with respect to those counts is legally sufficient to establish that defendant's bodily conduct toward the respective victims was "done with the relevant mens rea" and "involv[ed] the application of some level of pressure to the victim's sexual or intimate parts," so that the contact "qualifie[d] as a forcible touch within the meaning of Penal Law § 130.52" (People v Guaman, 22 NY3d 678, 684 [2014]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of each of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to any count (see generally Bleakley, 69 NY2d at 495).
Defendant further contends that a new trial is required because, after the jury rendered a verdict, a seated juror was discovered to be related to the district attorney within a degree of consanguinity or affinity that would have permitted a challenge for cause (see CPL 270.20 [1] [c]). We reject that contention. Although the juror would have been automatically barred from sitting on the jury if a timely challenge for cause premised on that ground had been made (see People v Colburn, 123 AD3d 1292, 1295 [3d Dept 2014], lv denied 25 NY3d 950 [2015]; see also People v Provenzano, 50 NY2d 420, 424 [1980]), here no objection to the juror was made prior to the verdict. CPL 270.15 (4) provides that "[a] challenge for cause of a prospective juror which is not made before [that prospective juror] is sworn as a trial juror shall be deemed to have been waived, except that such a challenge based upon a ground not known to the challenging party at that time may be made at any time before a witness is sworn at the trial." "Such language demonstrates a clear intention on the part of the Legislature to require challenges for cause of jurors in criminal cases at the earliest possible time, at the risk of waiving one's right to such challenge, for failure to act promptly" (People v Ellis, 54 AD2d 1052, 1052 [3d Dept 1976]). We conclude that defendant's objection to the subject juror is "deemed to have been waived" (CPL 270.15 [4]), inasmuch as the juror's relationship with the district attorney was not [*2]a ground unknown to defendant before the juror was seated (see id.).
We reject defendant's related contention that County Court committed a mode of proceedings error during voir dire. During jury selection, the court, consistent with its statutory obligation, asked "questions affecting [the prospective jurors'] qualifications to serve" (CPL 270.15 [1] [b]), including whether any juror had a familial or close relationship with a law enforcement agency such as a district attorney's office. The subject juror raised her hand in an affirmative response, thereby placing the court and parties on notice that the subject juror had a potential bias or disqualifying relationship with a witness or attorney. The court then permitted "both parties . . . to examine the prospective jurors, individually or collectively, regarding their qualifications to serve as jurors" (CPL 270.15 [1] [c]). Thus, contrary to defendant's contention, this is not a situation where any alleged error of the court "prevent[ed] counsel from 'participating meaningfully in [a] critical stage of the trial,' " inasmuch as defense counsel's questioning of the potential jurors, including the subject juror, was not curtailed in any way (People v Mack, 27 NY3d 534, 544 [2016], rearg denied 28 NY3d 944 [2016]; see People v O'Rama, 78 NY2d 270, 279 [1991]). Instead, the record reflects that, at the time defense counsel commenced his individual questioning of the prospective jurors, he was aware that the subject juror, as well as several others, had a relationship with a law enforcement agency. Defense counsel nonetheless decided not to ask any juror to specify the nature of the relationship or the specific agency to which that juror was connected, explaining that police testimony was not "going to be a huge part of this case." We also reject defendant's contention that he was denied effective assistance of counsel by defense counsel's failure to challenge the subject juror for cause. On this record, we cannot conclude that there was no strategic or other legitimate basis for defense counsel's decision (see Colburn, 123 AD3d at 1297), inasmuch as defense counsel may have decided, based on the available information, that the subject juror was an acceptable one from the defense point of view (see People v Thompson, 21 NY3d 555, 560 [2013]; People v Piasta, 207 AD3d 1054, 1055 [4th Dept 2022], lv denied 38 NY3d 1190 [2022]).
Defendant failed to preserve for our review his contention that the grand jury proceeding was defective due to a "fail[ure] to conform to the requirements of [CPL article 190] to such degree that the integrity thereof [was] impaired and prejudice to the defendant [resulted]" (CPL 210.35 [5]). In any event, that contention is without merit (see People v Richardson, 132 AD3d 1239, 1241 [4th Dept 2015]). Finally, the sentence is not unduly harsh or severe.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court