OPINION OF THE COURT
Gloria Goldstein, J.
Defendant Edward Memminger, joined by his codefendant Sherman Williams, moves for an order dismissing the indictment against him in the interests of justice and on the ground that there exists a jurisdictional or legal impediment to conviction for the offense charged. Specifically, defendant contends that the People have violated his constitutional equal protection and due process rights by seeking to imprison him solely because he lacked the financial resources to make restitution for the property damage he allegedly caused.
Defendants Memminger and Sherman were arrested at 5:00 a.m. on March 1, 1983, after allegedly having been observed burglarizing a dwelling in Brooklyn. They were arraigned in Criminal Court on March 2, on a felony *954 complaint charging them with having stolen a boiler, pipes, and hot water tank and having caused over $5,000 worth of damage to the complainant’s premises. At the arraignment, the court determined that defendants were indigent and appointed counsel to represent them.
On March 25, defendants appeared in Part AP-1 — the “felony waiver” part — of the Criminal Court. At this appearance, the Assistant District Attorney offered to accept a plea to a class A misdemeanor with a sentence of “over $5,000” restitution. Defendant Memminger’s Legal Aid Society lawyer responded to this offer by stating: “My client might be interested in the offer but of course I am surprised the District Attorney might suggest $5,000 when * * * [my defendant] is indigent.” The court concluded from this statement that the defendants were not interested in the offer and the Assistant District Attorney informed the parties that the case would be submitted to the Grand Jury for indictment. Defendant Memminger’s attorney protested that “[it] seems an untenable position for the District Attorney to hold [that] if you have enough money you can buy a misdemeanor, but if you are poor and indigent you are stuck with a felony.”
The case against defendants was adjourned and on April 22, the Kings County Grand Jury indicted defendants for the crimes of burglary in the second degree, grand larceny in the second degree, criminal possession of stolen property in the third degree, criminal mischief in the third degree, and possession of burglar’s tools.
Defendant Memminger, having pleaded guilty in June, 1973 to the crime of robbery in the third degree, a class D felony, is subject to an indeterminate prison sentence if he is convicted of or pleads guilty to a felony in satisfaction of the charges in the indictment. He contends that he has thus been made subject to imprisonment solely because he lacked the financial resources to pay $5,000 restitution in accordance with the District Attorney’s plea offer and that this result is repugnant to the constitutional guarantees of equal protection and fundamental fairness. Relying on three United States Supreme Court cases involving imprisonment of indigents, Bearden v Georgia (461 US_, 103 S Ct 2064); Tate v Short (401 US 395); and Williams v *955 Illinois (399 US 235), defendant claims that the District Attorney, “having determined restitution to be the appropriate penalty for the crime” may not “seek to imprison defendant solely because he lacks the resources to pay [the restitution].”
This argument cannot withstand careful scrutiny. Decisions to initiate a prosecution, or to reduce the charges against a defendant in exchange for a guilty plea, or to submit a case to the Grand Jury are wholly within the District Attorney’s discretion (People v Di Falco, 44 NY2d 482). While there are circumstances in which defendants have a constitutional right to specific performance of plea bargains under contract principles (see, generally, People v World, 121 Misc 2d 148), defendants have no constitutional entitlement to a plea offer.
The United States Court of Appeals for the Fourth Circuit has held that a reasonable, specific, and unambiguous proposal, which is made by a prosecutor with apparent authority, which is not conditioned on the approval of supervisors, which is communicated promptly to the defendant, and which the defendant accepts promptly and unequivocally, creates a constitutional right to enforcement (Cooper v United States, 594 F2d 12, 19). However, an unaccepted offer creates no enforceable contract rights.
Defendants Memminger and Williams seek to convert the Assistant District Attorney’s unilateral offer to accept a guilty plea to a class A misdemeanor with a sentence of restitution into an enforceable, constitutionally protected contract. Since the record shows that defendants never accepted the Assistant District Attorney’s offer, no enforceable contract was ever created.
Defendants’ equal protection and due process claim is equally flawed. The United States Supreme Court has never held that poverty immunizes a defendant from imprisonment (Bearden v Georgia, 461 US, at p —, 103 S Ct, at p 2071). In fact, the Supreme Court has noted specifically that if the State were powerless to enforce judgment against those financially unable to pay a fine, indigents could avoid both the fine and imprisonment for nonpayment, while other defendants must suffer one or the other punishment (Williams v Illinois, 399 US, at p 245).
*956 The Supreme Court’s rulings on the constitutional rights due indigent defendants hold only that “a State may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine.” (Williams v Illinois, 399 US, at p 243.) The corollary to this is that the State cannot convert a fine imposed under a fine-only statute into a jail term solely because the defendant is indigent and cannot immediately pay the fine in full (Tate v Short, 401 US 395, supra). Nor can the State automatically revoke a sentence of probation and imprison a defendant for failure to pay a fine and restitution without determining that the defendant was responsible for the failure to pay the fine or that alternative forms of punishment were inadequate (Bearden v Georgia, 461 US_, 103 S Ct 2064, supra).
All of these rules apply to the unequal treatment of indigent defendants after conviction and sentencing. They restrict the State’s power to increase the stringency of sentences already imposed on convicted indigent defendants. They do not restrict the District Attorney’s authority to initiate prosecutions, to determine the crimes to be charged, and to submit a case to the Grand Jury. Nor do they hold, as defendants contend, that a District Attorney, having made an unaccepted offer of restitution to an indigent defendant, is thereafter precluded from seeking an indictment against that defendant simply because the defendant is unable to pay the restitution.
The probability that defendants will be subject,to imprisonment if they are convicted of the charges on which they were indicted does not violate their equal protection or due process rights. Defendants’ motion to dismiss the indictment is denied.