■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD DESMOND, Appellant. In the Matter of LEGAL AID SOCIETY by Ivar Goldart, to Quash a Subpoena. — In a proceeding to quash a Grand Jury subpoena, the Legal Aid Society appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated October 21, 1983, which denied the application. Order reversed, on the law, without costs or disbursements, and matter remitted to Criminal Term for further proceedings in accordance herewith. A subpoena issued by the Kings County District Attorney's office directed attorney Edward

Mayr, a supervising attorney with the Legal Aid Society, to appear before the Kings County Grand Jury in connection with its investigation of crimes allegedly committed by Edward Desmond. Desmond had been represented by a Legal Aid Society attorney under Mayr's supervision at the time Mayr interviewed one Christopher Aronsen. During that interview, Aronsen allegedly informed Mayr that he had committed the assault with which Desmond was charged. Mayr tape recorded this conversation. When the District Attorney heard of the exculpatory statement regarding Desmond, she issued the subpoena in question to Mayr directing him to produce before the Grand Jury: "any and all notes, records, memoranda, audio tapes made or compiled pertaining to statements by or conversations and/or interviews with Christopher Aronsen and Edward Mayr, and any other agent, representative or designee of the Legal Aid Society on or about August 5, 1983, or any other time which relates, in substance, to an incident of assault, etc., on or about May 28, 1983." Criminal Term held that the challenge to the subpoena was premature as Mayr had not yet testified. We reverse. A subpoena which requires a witness to bring and produce specified physical evidence at the time of his or her appearance is a subpoena duces tecum (CPL 610.10, subd 3). When a privilege is claimed with respect to the production, pursuant to such a subpoena, of taped documents, the witness is, essentially, challenging the validity of the subpoena itself and a motion to quash made prior to the witness' appearance is an appropriate procedure (see *Matter of Hynes v Doe,* 101 Misc 2d 350, 352; see *Matter of Grand Jury Proceedings [Doe],* 56 NY2d 348, 351; *Matter of Santangello v People,* 38 NY2d 536, 539; cf. *Matter of A. & M.,* 61 AD2d 426, 435). Consequently, the case must be remitted to Criminal Term in order to afford Mayr an opportunity of establishing that the attorney-client privilege prevents disclosure (cf. *People v Mitchell,* 58 NY2d 368, 373; *People v Belge,* 59 AD2d 307, 309). Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.