■ SARA KINBERG, Appellant, v YORAM KINBERG, Respondent.
[853 NYS2d 27]—

Order, Supreme Court, Bronx County (Latia W. Martin, J.), entered July 10, 2006, which granted defendant's motion to dismiss the complaint, and order, same court and Justice, entered April 10, 2007, which, to the extent appealable, denied plaintiff's motion to renew the prior order, unanimously affirmed, without costs.

Plaintiff wife's first cause of action, in which she sought defendant husband's imprisonment and a fine for his alleged perjury, failed to state a cause of action, since it is the district attorney who generally retains sole authority to prosecute such criminal activity (see County Law § 700; *Della Pietra v State of New York*, 71 NY2d 792, 796 [1988]; *People v Rodgers*, 205 Misc 1106 [1954]). The second cause of action, alleging forgery, was similarly defective in failing to indicate that defendant had submitted a signed and sworn Domestic Relations Law § 253 statement bearing plaintiff's name.

The third cause of action alleged that defendant had schemed to defraud by submitting a false affidavit to the court that his counsel represented plaintiff, who was requesting an expedited judgment of divorce. That erroneous representation was a scrivener's error, the documentary evidence clearly indicating that defendant's counsel represented only defendant, and that he was seeking the expedited judgment of divorce, not plaintiff.

The fourth cause of action sought punitive damages for defendant's alleged violation of Domestic Relations Law § 253. Defendant did submit a sworn statement indicating he had removed all barriers to plaintiff's remarriage pursuant to that section, but he was not required to file such a statement because the action for divorce was not based on a decree or judgment of separation (Domestic Relations Law § 170 [5]) or a written separation agreement (§ 170 [6]; see § 253 [4]).

The fifth cause of action sought punitive damages and imprisonment for the crime of bigamy, and the sixth cause of action sought to void the allegedly bigamous marriage. As already noted, the authority to prosecute defendant for criminal activity resides solely with the District Attorney. Moreover, the

documentary evidence indicates that defendant remarried only after obtaining a binding secular decree of divorce (see Domestic Relations Law § 8).

We have considered plaintiff's remaining contentions and find them without merit. Concur—Mazzarelli, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ.