*636 OPINION OF THE COURT
Matthew J. D’Emic, J.
In this domestic violence prosecution, the defendant is charged with rape in the first degree, among other things. The New York Legal Assistance Group (NYLAG) now moves to file a notice of appearance to formally represent the complaining witness, J.R. The People and the defendant oppose the application.
The motion is denied.
In this application, NYLAG seeks to allow a private individual to become a party to a criminal prosecution and, in effect, allow her to assert rights and impose obligations on the People, the defendant and the court, based upon her interests in this criminal prosecution. The basis of the motion is article 23 of the Executive Law entitled “Fair Treatment Standards for Crime Victims.” That article, as well as rules promulgated under it by the Chief Administrative Judge for the New York State Courts, generally outlines information to be provided to crime victims as well as insuring that victims’ views on matters such as bail, pleas and other dispositions be considered by the court. Nothing in the article, however, provides for formal appearances by complaining witnesses or private counsel on their behalf in criminal prosecutions. To the contrary, the law of this state obligates the district attorney of each county “to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall be elected.” (County Law § 700 [1]; § 927.) The courts of this state have interpreted these provisions to bar private prosecutions of crimes and the delegation of this duty (People v Di Falco, 44 NY2d 482 [1978]; Matter of Sedore v Epstein, 56 AD3d 60 [2008]; Kinberg v Kinberg, 48 AD3d 387 [2008]; People v Memminger, 121 Misc 2d 953 [1983]; People v Rodgers, 205 Misc 1106 [1954]).
In a number of jurisdictions, private counsel employed by a complaining witness or by other persons desirous of a conviction are allowed to appear in criminal proceedings or assist in criminal prosecutions either implicitly under common law (e.g. Goldsby v State, 240 Miss 647, 123 So 2d 429 [I960]; State v Mattoon, 287 SC 493, 339 SE2d 867 [1986]; Cantrell v Commonwealth, 229 Va 387, 219 SE2d 22 [1985]; Cronan ex rel. State v Cronan, 774 A2d 866 [RI 2001]), or explicitly by statute (e.g. Kan Stat Ann § 19-717).
As stated above, there is no similar provision in New York law and any common-law right has been abrogated by statute (Mat *637 ter of Sedore v Epstein at 65). The only parties to criminal litigation in this state are the People, represented by the district attorney of the county, and the accused, represented by assigned or retained counsel. This is sound public policy and prevents much mischief.
For the public prosecutor is the representative not of any ordinary party to a controversy but of the ultimate sovereign, the People of the State of New York. That sovereign delegates to its elected prosecutors the state’s broad powers of investigation, prosecution, negotiation of plea bargains, recommendations as to punishment, and decisions whether to seek, oppose, accept, appeal or challenge judicial rulings and actions. Those duties also specifically include providing complaining witnesses with information about their rights and insuring compliance with the obligation of the court in considering complainants’ views on specific matters (Executive Law § 646-a; Rules of Chief Admin of Cts [22 NYCRR] § 129.3 [g]). To allow the entry of a private interest, even the interest of an honest and aggrieved victim, into this process, could expose all of those areas to intolerable prejudicial influence, where the participant in the prosecution is the servant of his or her interests and not exclusively “the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer” (Berger v United States, 295 US 78, 88 [1935]).
This is not to say that a complaining witness cannot employ counsel to observe court proceedings or obtain advice as to his or her rights and obligations in the process. That is certainly the right of every citizen in this state. In addition, if either the People or the defendant in a criminal proceeding seek relief that might affect a nonparty’s rights, including the complainant, that person has standing to enter the proceeding to ask the court to protect those rights (e.g. Matter of Cunningham v Nadjari, 39 NY2d 314 [1976]; People v Ianniello, 21 NY2d 418 [1968]; People v Desmond, 98 AD2d 728 [1983]; Matter of Conlon v Murphy, 24 AD2d 737 [1965]; CPLR 1012 [a] [2]; 2304, 4501 et seq.). Short of that, however, there is no provision in law to allow a nonparty formally to enter a criminal proceeding.