# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1126

KA 11-02132

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANTHONY S. MOLARO, DEFENDANT-APPELLANT.

---

PAUL J. VACCA, JR., ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Genesee County Court (Mark H. Dadd, J.), dated September 27, 2011. The order denied the motion of defendant to vacate his conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his CPL article 440 motion to vacate the judgment convicting him of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant contends that Judge Noonan, who accepted his plea of guilty and thereafter recused himself, was disqualified from taking any part in the action under Judiciary Law § 14 based upon his relationship with the prosecutor (see People v Berry, 23 AD2d 955, 955; see also La Pier v Deyo, 100 AD2d 710, 710). We agree with County Court (Dadd, J.), however, that Judiciary Law § 14 did not require Judge Noonan's disqualification. The statute mandates disqualification where, inter alia, the judge "is related by consanguinity or affinity to any party to the controversy within the sixth degree." The Assistant District Attorney who prosecuted defendant was not a party to the controversy but, rather, was a public servant representing the People in the criminal action (see CPL 1.20 [31], [32]; see generally People v Robinson, 27 Misc 3d 635, 637). Judge Dadd also properly concluded that recusal of Judge Noonan was not required under Rules of the Chief Administrator of the Courts (22 NYCRR) § 100.3 (E) (1) (e) inasmuch as the prosecutor was not "within the fourth degree of relationship" to Judge Noonan. As Judge Noonan's first cousin once removed, the prosecutor was within the fifth degree of relationship (see Advisory Comm on Jud Ethics Ops 07-06 [2007]). "Absent a legal disqualification under Judiciary Law § 14, [Judge Noonan was] the sole arbiter of recusal" (People v Moreno, 70 NY2d 403, 405; see People v

*Patrick*, 183 NY 52, 54).

Entered:  November 9, 2012

Frances E. Cafarell
Clerk of the Court