OPINION OF THE COURT
Mary V. Rosado, J.
Defendant is charged with violating the cigarette and tobacco products tax found in Tax Law § 1814 (b), and the cigarette tax found in Administrative Code of City of NY § 11-4012 (b). By motion dated April 26, 2015, defendant requests a prospective ruling that the Office of the District Attorney of Bronx County does not have the authority to require prepayment of a statutory tax penalty, pursuant to Tax Law § 481 (1) (b), as a condition of a plea offer. He further moves for an order preventing the District Attorney of Bronx County from conditioning a plea offer on prepayment of a tax and tax penalty, pursuant to Tax Law §§ 478 and 481 (1) (b). By affirmation dated May 15, 2015, the People oppose defendant’s motion, and claim that requiring full prepayment of tax liability is a lawful and allowable condition to a plea. In deciding this motion, the court considered defendant’s affirmation, the People’s affirmation in opposition, the court file, and relevant statutes and case law.
For the following reasons, defendant’s motion is denied.
Plea bargains have become a recognized and integral aspect of the American criminal justice system. Plea bargaining confers benefits to all parties through an exchange of mutual concessions (People v Seaberg, 74 NY2d 1 [1989]).
“The defendant avoids extended pretrial incarceration and the anxieties and uncertainties of a trial; he gains a speedy disposition of his case, the chance to acknowledge his guilt, and a prompt start in realizing whatever potential there may be for rehabilitation. Judges and prosecutors conserve vital and scarce resources. The public is protected from the risks posed by those charged with criminal offenses who are at large on bail while awaiting completion of criminal proceedings” (Blackledge v Allison, 431 US 63, 71 [1977]).
Even though the importance of plea bargaining cannot be overstated, a criminal defendant is not entitled to a plea bargain (see Weatherford v Bursey, 429 US 545, 560 [1977]; People v Memminger, 121 Misc 2d 953 [Sup Ct, Kings County 1983]).
*762 A district attorney is empowered with the authority to prosecute criminal offenses in the county for which he is elected (County Law § 700 [1]; People v Harmon, 181 AD2d 34, 38 [1st Dept 1992]). In executing his statutory duty, a district attorney has wide latitude to decide the manner in which crimes are prosecuted, including the reduction, amendment, or addition of charges (People v O’Grady, 175 Misc 2d 61, 65 [Crim Ct, Bronx County 1997], citing People v Williams, 120 Misc 2d 68, 78 [Crim Ct, Bronx County 1983]). The ultimate decision to extend a plea offer is solely within the discretion of the district attorney. Consequently, the courts cannot compel a district attorney to act in matters that fall within his discretionary duties (People v Paulino, 148 Misc 2d 548, 550 [Crim Ct, Bronx County 1990]). “The court may not act as the supervisor of the District Attorney, who is given free rein in his areas of discretion” (Williams at 78). Since a district attorney is under no obligation to offer a plea, he may impose certain conditions before consenting to do so (People v Antonio, 176 AD2d 528, 529 [1st Dept 1991]; People v Respress, 231 AD2d 934 [4th Dept 1996]).
Here, defendant is charged with violations of Tax Law § 1814 (b) and Administrative Code § 11-4012 (b), both misdemeanors. At some point, the People and defendant commenced plea negotiations to discuss possible disposition of the charges. The People offered not to pursue the Administrative Code § 11-4012 violation, to allow defendant to plead guilty to Tax Law § 1814, and to recommend a sentence of conditional discharge. In exchange, the People required defendant to send payment to the Department of Taxation and Finance (hereinafter Department) that would satisfy all potential tax liability arising from his possession of the recovered, unstamped cigarettes. Defendant’s possession of 184 unstamped cigarette packs would subject him to $1,225 of unpaid New York State cigarette taxes, and up to $8,040 in New York State cigarette tax penalties for a total of $9,265.
The People’s condition of prepayment of anticipated tax liability does not equate to the imposition or collection of a tax or tax penalty because no tax or tax penalty has been set by the Tax Commissioner (hereinafter Commissioner). Cigarette tax, collected pursuant to the provisions of Tax Law article 20, is not “finally and irrevocably fix[ed]” until the Commissioner issues the notice of determination to a person (Tax Law § 478). No other event shall signify the imposition of the tax. Neither *763 the premature sending of funds to the Department, nor the Department’s possession of such funds constitutes a tax determination or collection. When the Commissioner determines defendant’s tax liability, there will be an opportunity for defendant to contest the amount through subsequent administrative and judicial review (Tax Law §§ 478, 2006, 2016). The same can be said for any potential tax penalty arising from possession of unstamped cigarettes. Penalties for unlawful possession of unstamped cigarettes are determined in the same manner as taxes on cigarettes, and are subject to the same avenues of post-determination review (Tax Law § 481 [1] [b] [iii]). The only difference being that unlike the cigarette tax, which is fixed by law, the Commissioner has the discretion to set the tax penalty within a statutory range. Tax Law § 481 (1) (b) (i) provides that
“[i]n addition to any other penalty imposed by this article, the commissioner may (A) impose a penalty of not more than six hundred dollars for each two hundred cigarettes, or fraction thereof, in excess of one thousand cigarettes in unstamped or unlawfully stamped packages in the possession or under the control of any person.” (Emphasis added.)
In fact, the Commissioner may remit either a portion or the entirety of the cigarette tax penalty (Tax Law § 481 [1] [b] [iii]). Should the Commissioner determine the total tax and penalty that defendant is liable for is less than the $9,265 that the People are requesting to be paid, defendant can seek to recoup any overpayments from the Department. Since no tax has been determined, the District Attorney has not usurped the Commissioner’s authority to impose taxes and tax penalties. Moreover, defendant still has an opportunity to contest any tax or tax penalty via an agency appeal process or through judicial review. Therefore, none of his due process rights have been violated.
Defendant seeks a court-ordered invalidation of the $9,265 tax liability prepayment condition. However, he still wishes to have the ability to plead guilty to only Tax Law § 1814 (b) in exchange for a conditional discharge. Defendant has no right to a plea bargain, yet he seeks a plea offer on his own terms. Many factors are involved in the district attorney’s decision to offer a specific plea to a defendant. Neither defendant nor this court is privy to the inner deliberations of the Bronx District Attorney’s Office. Since a plea offer is a transaction of mutual concession, the District Attorney may only have offered the *764 plea to less than the entire accusatory instrument in exchange for defendant’s prepayment of all relevant tax liability flowing from the charges. The District Attorney is free to offer a plea, if at all, under his own terms. Defendant may not engage in a unilateral amendment of the plea offer. Without the People’s consent, the only options available to defendant are acceptance of the offered plea, in its entirety, or outright rejection of all its terms.
Furthermore, it is an improper exercise of authority for this court to intervene in an ongoing plea negotiation. Presently, the proposed plea conditions have no legal effect. Neither party can enforce any of its terms. The plea terms only become operative at sentencing. Yet, the defendant is not without recourse. Should he find any terms of the plea offer repugnant, or even mildly unappealing, he is under no obligation to accept the plea.
For the foregoing reasons, defendant’s motion is denied.