■ JOAN C. LIPIN, Appellant, v DAVID E. HUNT, Defendant, and DANSKE BANK et al., Respondents. [28 NYS3d 15]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered October 20, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss, denied plaintiff's motions for default judgments, imposed a permanent injunction on plaintiff enjoining her from commencing any actions in Supreme Court regarding her deceased father's estate without prior court approval, and denied plaintiff related relief, unanimously affirmed, without costs.

The Supreme Court properly dismissed the complaint without leave to replead. In relevant part, the court properly dismissed claims against defendant Danske Bank as barred by res judicata (*Matter of Josey v Goord*, 9 NY3d 386, 389-390 [2007]; *Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1, 5-6 [1st Dept 2000]; *see also Smith v Russell Sage Coll.*, 54 NY2d 185, 192 [1981]). Plaintiff has repeatedly unsuccessfully

litigated, or could have litigated, the claims she asserts against Danske Bank, which relate to the disputed coin collection and administration of her father's estate (*see Lipin v Hunt*, — F Supp 2d —, —, 2015 WL 1344406, \*2, 2015 US Dist LEXIS 35700, \*7-9 [SD NY, Mar. 20, 2015, No. 14-cv-1081 (RJS)]).

The Supreme Court also properly dismissed claims against Judge Mazziotti on res judicata grounds. Plaintiff previously sued Mazziotti in Maine, and her suit was dismissed because her claims were based on actions Mazziotti had taken in his judicial capacity, for which he was "absolutely immune from suit" (*Lipin v Ellis*, 2007 WL 2198876, \*9, 2007 US Dist LEXIS 54489, \*32 [D Me July 26, 2007, No. 07-92-P-S], *affd* 2007 WL 2701493, 2007 US Dist LEXIS 67417 [D Me Sept. 10, 2007, Civil No. 07-92-P-S], *affd Lipin v Ellis*, 2008 US App LEXIS 28002 [1st Cir, May 21, 2008, No. 07-2511]; *see also Rosenstein v State of New York*, 37 AD3d 208 [1st Dept 2007]). Plaintiff's claims in the instant suit similarly arise from Mazziotti's conduct as a judge who presided over proceedings regarding her deceased father's estate in Maine.

The court properly dismissed claims alleging a violation of Judiciary Law § 487 and related attorney misconduct against defendant attorneys Mark. K. Anesh, David A. Berger, and Berger's firm Allegaert Berger & Vogel LLP, who represented various defendants in prior suits brought by plaintiff, because plaintiff's allegations were based on statements that were "absolutely privileged," i.e., they were made in the course of judicial proceedings, and were material and pertinent to the issue to be resolved in those proceedings (*Bisogno v Borsa*, 101 AD3d 780, 781 [2d Dept 2012]). To the extent that plaintiff challenges dismissal of her claims alleging that Anesh violated criminal laws, those claims were properly dismissed for lack of standing, since "the district attorney . . . generally retains sole authority to prosecute such criminal activity" (*Kinberg v Kinberg*, 48 AD3d 387, 387 [1st Dept 2008], *lv denied* 11 NY3d 702 [2008]). The same is true to the extent that she asserts claims against Francis J. Earley, counsel for Danske Bank, who is not a named defendant in the action.

In light of defendants' timely pre-answer motions to dismiss, plaintiff was not entitled to default judgments against any defendants (*see* CPLR 3012 [a]; CPLR 3211 [f]).

Finally, in light of plaintiff's seemingly endless pursuit of the same frivolous claims in numerous courts, the court properly enjoined her from commencing any further actions without prior court approval (*Bikman v 595 Broadway Assoc.*, 88 AD3d 455 [1st Dept 2011], *lv denied* 21 NY3d 856 [2013]; *Jones v*

*Maples*, 286 AD2d 639 [1st Dept 2001], *lv dismissed* 97 NY2d 716 [2002]; *see also Lipin v Hunt*, — F Supp 2d —, —, 2015 WL 1344406, *1 n 1, *11, 2015 US Dist LEXIS 35700, *2-5 n 1, *35-36 [SD NY, Mar. 20, 2015, No. 14-cv-1081 (RJS)] [listing over 10 suits commenced by plaintiff relating to her late father's estate or its administration]). Concur—Tom, J.P., Andrias, Saxe and Kapnick, JJ.